# SUPREME COURT OF TEXAS.

## TYLER TERM, 1888.

### No. 2383.

### J. B. FEARS v. NACOGDOCHES COUNTY.

| 71 | 337 |
| 90 | 212 |
| 91 | 217 |
| 91 | 669 |

1. COSTS OF CORONERS' INQUESTS—PHYSICIANS' FEES.—Under our statute there is no provision for the compensation of a physician summoned to aid in or conduct a post mortem examination in an inquest.

APPEAL from Nacogdoches. Tried below before Hon. James I. Perkins.

This is an appeal from a judgment of the district court to which the case had been appealed from a justice's court. The appellant sued the county for forty dollars alleged to be reasonable compensation for his professional services as a physician and surgeon rendered in two inquests in which post mortem examinations were made by plaintiff. He was required to perform the services upon threat of attachment. The testimony showed the services were worth the amount claimed. Judgment was for ten dollars, from which the plaintiff appealed. The county did not object to the judgment.

*Ingraham & Ratcliff*, for appellant: When a physician, at the request of officers charged with the duty of holding inquests, makes a post mortem examination of a dead body, there is an implied promise on the part of the county to pay what the testimony shows the work to be reasonably worth. (Willson's Condensed Appeal Cases, vol. 3, part 1, sec. 114; Code Crim. Proc., arts. 988, 989, 1070, 1080; Gen. Laws Eighteenth Legislature, p. 39; Watkins v. Walker Co., 18 Texas, 585; Allegany Co. v. Shaw, 34 Penn. State, 301; Sherman v. Supervisors, etc., 30 How. Pr., 173; Boone on Corp., sec. 317; San Antonio v. Lewis, 9 Texas, 69.)

The court erred in its conclusion of law finding the services to be of a quasi public character similar in nature to those required of witnesses, jurors, etc., for the public good, and that the compensation to which plaintiff is entitled for same should be estimated upon the basis of such analogies and not upon the basis of what would be a reasonable charge for the same between individuals.

GAINES, ASSOCIATE JUSTICE. The appellant, a practicing physician, was summoned to attend upon two different inquests in Nacogdoches county upon dead bodies for the purpose of making post mortem examinations. Being threatened by the justice who summoned him with an attachment, he appeared, made the examinations and subsequently presented to the commissioners court an account for an allowance of the sum of twenty dollars in each case. The court allowed his account to the amount of five dollars in each case and rejected it for the balance. He brought suit in a justice's court and appealed from the justice's judgment to the district court where he obtained a judgment for ten dollars only. The county acquiesces in the judgment, and he alone appeals.

The court found that he rendered the services as claimed by him, and that according to the regular charges of physicians in the county they were reasonably worth the sum of twenty dollars in each case. The sole question to be determined, therefore, is: can a county be held liable to pay a physician his reasonable fees who makes a post mortem examination at a coroner's inquest? During the progress of a murder trial, it was said by Chief Justice Gibson that "an action lies against the county at common law by a physician for trouble and labor expended in such examination" (Commonwealth v. Harman, 4 Barr, 269), and in the subsequent case of County of Alleghany v. Shaw, 34 Pennsylvania State, 301, the Supreme Court followed this doctrine and affirmed a judgment against a county in favor of the physician for such services. In Indiana it is held that the county is responsible, but this seems to be by virtue of a statute. (Stevens v. The Commissioners, 46 Ind., 541.) We find the case of Sherman v. Supervisors (30 How. Pr., N. Y., 173), cited in favor of the doctrine of the liability of the county, but the volume is not accessible to us at this branch of the court. However, this matter seems to be regulated by statute in New York, since it is held in Van Hoeven-

bergh v. Hasbrouck, 45 Barbour, 197, that under the statute in that State the coroner has the right to employ a physician in such cases and charge for the physician's services in his account against the county, but that the latter must look to the coroner for his compensation and can not recover of the county. (See Crocker on Sheriffs, sec. 929.)    We have not been able to find in the English authorities anything showing the liability of the counties in such cases, but it is to be noted that at common law the coroner himself was not entitled to charge fees for his services.    An allowance was subsequently provided by statute.    (Bacon's Abridgment, "Coroner.")

If we are to resort to general principles, we are at a loss to determine upon what ground the county is to be held liable for such services.    A coroner's inquest is a proceeding by and in behalf of the State; and is the first step in a proper case for the detection and punishment of the offender when an unlawful homicide has been committed.    The justice of the peace, who, in our State, conducts the proceeding as ex-officio coroner, though sometimes called a precinct or county officer, is to all intents and purposes, an officer of the State, and in exercising his function, acts for the State, and not for the county. That it is competent for the Legislature to make all or a part of the expense of administering the criminal laws a charge upon the respective counties in which the proceedings are had, is not doubted.    This has been done as to a part of the costs in our Code of Criminal Procedure, but the charges for which the counties are made liable are very distinctly defined in chapter 4, of title 15.    Provision is there made for the payment of the justice, the officer who summons the jury of inquest, and the jurors themselves—but for no other expense incident to the proceeding. (Code Crim. Proc., arts. 1077, et seq.) We think that it was the intention of the Legislature to make the counties of the State chargeable with the costs and expenses specified in the chapter cited and to exempt them from payment of other expenses growing out of the enforcement of the criminal laws.    There is nothing in chapter 2 of title 31, of the Revised Statutes upon the subject of the promiscuous duties of the commissioners courts which in our opinion authorizes the allowance of the claim sued for in this case. (Rev. Stats., arts. 1514, et seq.)    It follows from what we have said, that we are of opinion that the judgment should be affirmed.

A post mortem examination at a coroner's inquest is fre-

quently necessary for the detection and punishment of crime. It does not seem just to impose this duty without compensation upon a learned and enlighted profession, whose custom it is not to refuse the calls of charity. But they must look to the Legislature for relief. We can only declare the law as we find it; and as it now stands we think there is no provision for their compensation. We do not decide that they can be compelled to perform these services; for that question is not presented by the facts of this case.

The judgment is affirmed.

*Affirmed.*

Opinion delivered October 9, 1888.