## Presidio County v. P. H. Clarke.

### Decided February 15, 1905.

**1.—Suit Against County—Custody of Papers—Notice to Produce—Secondary Evidence.**

Where the action was one by an attorney to recover from a county for legal services rendered, plaintiff could testify as to the contents of a written claim for the amount due, presented by him to the Commissioners' Court, without giving defendant notice to produce, since it was charged with the custody of the original paper, and the nature of the suit was such as to give defendant notice that it would be necessary for defendant to prove the contents of the paper.

**2.—Action for Attorney Fees—Evidence—Written Instrument.**

The order of the Commissioners' Court authorizing and instructing plaintiff to act as counsel in the case against the county wherein the services, for which recovery is sought, were rendered, being plain and unambiguous, there was no error in refusing to permit the county judge to testify that the order was properly entered, and to explain its meaning.

**3.—Assignment of Error—Admission of Evidence.**

Where a bill of exceptions, objecting to the admission of testimony as to the contents of "certain court papers," fails to show what the papers were, it can not be held that complainant was prejudiced by its admission.

**4.—Discretion of Court—Re-cross-examination of Witness.**

It is within the discretion of the court to permit the re-cross-examination of a witness.

**5.—Contract with County—Commissioners' Court.**

A contract between a county and an individual, to be binding on the former, must be made through the Commissioners' Court.

**6.—Witness—Unexpected Testimony.**

Where the testimony of a witness is not what the party offering it expected, and the desired proof can be shown by other witnesses not present, this may be urged as ground for postponement of trial, but if the party does not do so, and takes chances on the verdict, a reversal can not be had because of such matter.

Appeal from the District Court of Presidio. Tried below before Hon. B. C. Thomas.

*J. A. Gillette,* for appellant.

*P. H. Clarke,* for appellee.

NEILL, Associate Justice.—The nature of this case is stated in an opinion by this court rendered on a proper appeal. Clarke v. Presidio County, 79 S. W. Rep., 593. The judgment now appealed from is in favor of the appellee for $1,003.25.

The only question of fact in the case is, whether the services rendered Presidio County by appellee as an attorney at law were gratuitous or performed under a contract entered into between appellant and appellee for such services for the undisputed evidence shows that the services were rendered the county by the appellee, and that they were reasonably worth the sum recovered. While the testimony is conflicting,

it is reasonably sufficient to show that the services were rendered in pursuance of a contract between the parties.

*Conclusions of Law.*—1.  The court did not err in allowing the plaintiff to testify as to the contents of the written claim presented by him to the Commissioners' Court for the amount due him from the county for his services.  The bill of exceptions to the testimony shows that appellant was notified through its attorney of record, to produce such written claim upon the trial so that it might be used in evidence by the plaintiff.  It was not produced, and therefore, if notice to appellant had been necessary as a prerequisite to the introduction of secondary evidence of its contents, appellant's failure to produce it would have rendered such secondary evidence admissible.  But we do not think that notice to appellant to produce the paper on trial was, under the law, essential to the introduction of secondary evidence as to its contents. Appellant was charged with the custody of the original paper and the nature of this suit was such as to give defendant notice that it would be necessary for plaintiff to prove the contents of the paper upon the trial.  (2 Elliott Ev., sec. 1441.)

2.  The order of the Commissioners' Court authorizing and instructing the plaintiff to act as counsel for defendant in the case against the county wherein his services were, by virtue of said order, afterwards rendered, is plain and unambiguous and plainly showed upon its face what words it did or did not contain.  Therefore, the court did not err in refusing to allow Judge Kilpatrick to testify that the order was properly entered and that it did not contain the word "employ" or to explain the meaning of said order, for there was no "latent ambiguity" in it.

3.  It is not shown by appellant's bill of exception upon which the third assignment of error is predicated, what the "certain court papers" were which Judge Kilpatrick testified over appellant's objections to the contents of.  Therefore, it can not be held that appellant was prejudiced by the admission of such testimony.

4.  We can detect no error in the court's allowing appellee to recrossexamine the witness Kilpatrick.  This was a matter within the sound discretion of the court, the tendency being to permit such an examination whenever it tends to bring out the truth and to further justice.  The exercise of such discretion will not ordinarily be reviewed on appeal. (Elliott Ev., sec. 939.)

5.  The court did not err in giving special charge number 1 at appellee's request.  A contract must mutually bind the parties to it.  One between a county and an individual must be binding on the former as well as upon the latter.  To be binding upon the county it must, on its part, be made through the proper agency—the Commissioners' Court. If not made through or sanctioned by such agency it can no more affect the individual than it can the county.

6.  The failure of a witness to remember an occurrence as desired by the party who solicits his testimony, ordinarily affords no ground for a new trial.  If a party to a suit, after using the proper diligence to ascertain what a witness will testify to, is induced by the witness to believe that his testimony on a controlling issue will be to his material advant-

age, proceeds to trial relying upon the testimony of such witness and during its progress ascertains that he has been misled as to the witnesses' testimony and can make the proof by other witnesses not present at the trial he should make such matters known to the court and ask for a postponement of the trial or continuance of the cause to enable him to procure the testimony of such other witness. If he fails to do this and takes his chances on a verdict without such testimony, he can not have a new trial because he could not make his proof by the witness at hand but might be able to make it by another witness some other time.

7.   Our conclusions of fact dispose of the assignment which complains of the sufficiency of the evidence to support the verdict.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.