GERMO MFG. CO. v. COLEMAN COUNTY.
(No. 5593.)

(Court of Civil Appeals of Texas. Austin. March 1, 1916. Rehearing Denied April 5, 1916.)

1. COUNTIES ⬥⟾113(1) — COMMISSIONERS' COURT—POWERS—CONTRACTS.

The commissioners' court has charge of the business affairs of the county, and it alone has authority to make contracts binding upon the county.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174, 176; Dec. Dig. ⬥⟾113(1).]

2. COUNTIES ⊙⟶113(6) — COMMISSIONERS' COURT—AGENT—SHERIFF.

The commissioners' court may act through an agent appointed by them, and a sheriff not appointed by them to purchase for the county was not their agent by virtue of his office.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174, 180; Dec. Dig. ⊙⟶113(6).]

3. COUNTIES ⊙⟶124(2) — UNAUTHORIZED ACT OF AGENT—COMMISSIONERS' COURT—RATIFICATION.

A county, through the only agency by which it can act, that is, its commissioners' court, may ratify the act of one assuming without authority to be its agent, but the sheriff's use of disinfectants purchased by him without authority, over the protest of the court, was not a ratification; as one cannot constitute himself the agent of another against the other's protest and then ratify his unauthorized act so as to bind such other.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 185; Dec. Dig. ⊙⟶124(2).]

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

. Suit by the Germo Manufacturing Company against Coleman County. Judgment for defendant, and plaintiff appeals. Affirmed.

J. P. Ledbetter and Woodward & Baker, all of Coleman, for appellant. Snodgrass, Dibrell & Snodgrass and Critz & Woodward, all of Coleman, for appellee.

### Findings of Fact.

JENKINS, J. On February 25, 1912, and for some time prior and subsequent thereto, W. L. Futch was sheriff of Coleman county. On that date he gave an order to appellants to ship certain disinfectants to appellee, signing said order "W. L. Futch, Sheriff." Disinfectants were necessary to maintain the Coleman county jail in a sanitary condition, and the disinfectants so ordered were received by the sheriff and used by him and his jailer in disinfecting the jail. The account for such disinfectants was presented to the commissioners' court of Coleman county and disallowed, whereupon this suit was brought.

On June 13, 1911, the commissioners' court of Coleman county passed an order that no one except said court would be permitted to purchase disinfectants for the courthouse or jail. This order was on that date entered of record in the minutes of the court, and the sheriff was informed thereof. Upon the trial hereof Futch testified that no one instructed him to buy the disinfectants, that he did so "on his own hook," and that he did not consider it any of the commissioners' court's business.

Prior to February 25, 1912, the commissioners' court contracted with local druggists to furnish disinfectants for the courthouse and jail, but the sheriff refused to use the same or to allow any portion thereof to be brought in the jail. Subsequent to the receipt of the disinfectants the county judge and commissioners went to the jail and told the party that they there found in charge not to use the disinfectants bought by the sher-

iff, but to use those bought by the county. The sheriff refused to allow the jailer to comply with this request.

Upon the trial of this cause the county judge instructed the jury to return a verdict for the defendant. They did so, and judgment was entered accordingly, from which judgment this appeal is prosecuted.

### Opinion.

[1] The court did not err in peremptorily instructing the jury to return a verdict for appellee. The commissioners' court have charge of the business affairs of the county, and they alone have authority to make contracts binding upon the county. Ferrier v. Knox County, 33 S. W. 896; Lumber Co. v. Van Zandt County, 77 S. W. 960; Fears v. Nacogdoches County, 71 Tex. 337, 9 S. W. 265; Brown v. Reese, 67 Tex. 318, 33 S. W. 292; Presidio County v. Clarke, 38 Tex. Civ. App. 320, 85 S. W. 475; Fayette County v. Krause, 31 Tex. Civ. App. 569, 73 S. W. 51.

In Ferrier v. Knox County, supra, the court said:

"In dealing with a county it is necessary to have an express contract with the commissioners' court, and that court can speak only by and through its minutes and records. No action can be maintained upon any implied promise upon its part to pay for anything." Page 898, col. 1, of 33 S. W.

In Presidio County v. Clarke, supra, speaking in reference to the contract there involved, the court said:

"To be binding upon the county, it must, on its part, be made through the proper agency—the commissioners' court." 38 Tex. Civ. App. 320, page 476, col. 2, of 85 S. W.

[2] The commissioners' court may act through an agent appointed by them. Futch was not appointed by the commissioners' court to purchase disinfectants. He was not such agent by virtue of his office.

[3] A county, as an individual, may ratify the act of one who assumes, without authority, to be its agent. Brazoria County v. Padgitt, 160 S. W. 1170; Brazoria County v. Rothe, 168 S. W. 70; Harris County v. Campbell, 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467; Gallup v. Liberty County, 57 Tex. Civ. App. 175, 122 S. W. 291; Boydston v. Rockwall County, 86 Tex. 234, 24 S. W. 272. But such ratification must be through the only agency by which the county can act, viz., its commissioners' court. The only claim of ratification in this case was the use of the disinfectants over the protest of the commissioners' court. One cannot constitute himself the agent of another over the protest of the alleged principal, and then ratify his unauthorized act so as to bind such principal, by doing something over his protest, even though it may be beneficial to such alleged principal.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

---

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes