FREDERICK DISINFECTANT CO. v. COLEMAN COUNTY. (No. 5639.)

(Court of Civil Appeals of Texas. Austin. April 26, 1916. On Motion for Rehearing, June 28, 1916.)

1. COUNTIES ⬠114 — AGENCY OF SHERIFF — LIABILITY OF COUNTY—PURCHASE FOR JAIL.
Under Rev. St. 1911, art. 5111, requiring the commissioners' court to see that the county jail is kept in a clean and healthy condition, etc., it should be presumed, in the absence of its order to the contrary, that the sheriff, declared by Code Cr. Proc. 1911, art. 49, to be the keeper of the jail of his county, authorized by article 52 to appoint a jailer to supply the wants of prisoners and required by article 1148 to present his account for expenses for the maintenance of prisoners to each regular term of the commissioners' court, was the proper agent to represent the county in the purchase of disinfectants necessary for the jail, where the court had made no prior provision for its purchase, so that the county was liable for the purchase price.
[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174, 175; Dec. Dig. ⬠114.]

On Motion for Rehearing.

2. COUNTIES ⬠114 — POWER OF SHERIFF — PURCHASES FOR COUNTY JAIL.
If when such disinfectants were ordered the county had in the courthouse, and accessible for the use of the jail, an adequate supply, the sheriff had no authority to bind the county by his purchase.
[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174, 175; Dec. Dig. ⬠114.]

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

Action by the Frederick Disinfectant Company against Coleman County. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

J. P. Ledbetter and Woodward & Baker, all of Coleman, for appellant. Snodgrass, Dibrell & Snodgrass and Critz & Woodward, all of Coleman, for appellee.

JENKINS, J. [1] On June 8, 1911, and for a number of years prior thereto, W. L. Futch was sheriff of Coleman county, and it had been his custom to purchase the necessary disinfectants for the jail, for which Coleman county, through its commissioners' court, had paid. On the date mentioned Futch gave the following order:

"Frederick Disinfectant Company, Mfg. Chemist, Atlanta, Ga. Order No. 299, dated June 8, 1911; sold to Coleman county. Shipped care of W. L. Futch, at Coleman, Texas. Terms: June, 1912. Shipped January 14, 1912. One barrel insecticide, 60 gallons, at $2 per gallon; 10 gallons Pixoline, at $1.25 per gallon. Signature of buyer: W. L. Futch. Official title: Sheriff. Signature of salesman: Louis Schwartz."

The articles named in this order were shipped to Futch, and by him received and used in the Coleman county jail. The uncontradicted testimony shows that disinfectants and germicides of the character mentioned in this order were necessary to the health of the prisoners confined in the Coleman county jail. On June 13, 1911, the commissioners' court passed an order, and had the same entered upon its minutes, that thereafter no one would be permitted to purchase disinfectants for the jail or courthouse, except the commissioners' court.

"Each sheriff is the keeper of the jail of his county." Article 49, C. C. P. "The sheriff may appoint a jailer to take charge of the jail, and supply the wants of those therein confined." Article 52, C. C. P.

"At each regular term of the commissioners' court, the sheriff shall present his account to such court for the expenses incurred by him since the last account presented for the safe-keeping, * * * and maintenance of prisoners." Article 1148, C. C. P.

"It shall be the duty of the commissioners' court of the counties to see that the jails of their respective counties are kept in a clean and healthy condition, properly ventilated, and not overcrowded with prisoners, and that they are furnished with clean and comfortable mattresses and blankets sufficient for the comfort of the prisoners therein confined." Article 5111, R. S.

The duties incumbent upon commissioners' courts, as provided in article 5111, must be discharged through some agency of the court. In the absence of any order to the contrary, it should be presumed that the sheriff is the proper agent to represent the county in the purchase of disinfectants necessary to keep the jail in a clean and healthy condition. Unlike the case of Germo Manufacturing Co. v. Coleman County, 184 S. W. 1063, decided at the present term of this court, the commissioners' court of Coleman county had made no provision for the purchase of disinfectants for the jail prior to the purchase of the disinfectants shown above. Such being the fact, we hold that Coleman county is liable upon the account herein sued on, and the judgment of the trial court is therefore reversed, and judgment is here rendered for the appellant for the amount sued on, with interest from the time the same was due.

Reversed and rendered.

### On Motion for Rehearing.

[2] We rule against appellee on the main point involved in the motion for rehearing, but have concluded that this court fell into error when it went to the extent of rendering judgment for appellant. We agree with the contention of appellee's counsel that if, prior to and at the time the disinfectants involved in this case were ordered by the sheriff, the county already had in the courthouse and accessible for the use of the jail an adequate supply of disinfectants, then the sheriff had no authority to bind the county to pay the claim here involved.

Upon that issue the case may not have been fully developed, and therefore we remand it for another trial upon that issue.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes