## AMERICAN INDEMNITY CO. et al. v. STATE.

No. 9896.

Court of Civil Appeals of Texas. San Antonio.

March 3, 1937.

Rehearings Denied April 14, 1937.

Polk & Thompson, of Pharr, Davenport & Ransome, of Brownsville, and J. F. Carl, of Edinburg, for appellants.

R. D. Cox, Jr., of Mission, and Rogers Kelley, of Edinburg, for the State.

MURRAY, Justice.

Appellee, State of Texas, instituted this suit in the district court of Hidalgo county for two distinct purposes, first, to set aside the judgment in cause No. B–3597, styled the State of Texas v. Browne Land and Cattle Company, et al., and second, to recover from O. Em Jones, former tax collector of Hidalgo county, as principal, and American Indemnity Company, as surety on his official bonds as tax collector, the sum of $16,379.11, together with interest, alleged to have been paid out by Jones from funds in his hands as tax collector, in conformity with and under color of the judgment in cause No. B–3597.

Only the second phase of the suit is involved in this appeal. The cause was submitted to the court without the intervention of a jury, upon a stipulation of facts, and judgment rendered, among other things, decreeing that the State of Texas, in its own behalf and for the benefit of its political subdivisions for which it sued, recover of and from appellants, O. Em Jones and American Indemnity Company, jointly and severally, the sum of $21,460.43, ($16,379.11, principal, and $5081.32, interest); the judgment clearly showing that $6,213.84 of the recovery is for the benefit of the State and $15,246.59 of the judgment is for the benefit of the political subdivisions. There are a number of other provisions in the judgment which are not necessary to here set out. From this judgment O. Em Jones and American Indemnity Company have prosecuted this appeal.

The facts are as follows: The Browne Land & Cattle Company, and those under whom this corporation claims, had purported to own 4,428 acres of land in Hidalgo county, and had paid taxes on this amount of land from 1908 to 1925. In 1929 a tax suit was brought in the name of the State of Texas against the Browne Land & Cattle Company, seeking to recover certain delinquent taxes on these 4,428 acres, the cause being numbered B–3597. The defendants answered this tax suit by a cross-action setting up that instead of owning 4,428 acres of land they in fact owned only 1,388 acres, and seeking to recover from the State and county all taxes paid upon the 3,040 acres of land which they did not in fact own. Upon a hearing of this cause, judgment was rendered permitting the cattle company to offset this counterclaim and recover judgment for all taxes paid from the year 1908 to 1924 on the 3,040 acres of land, which they did not in fact own, and which they had lost by reason of a conflict of the La Blanca grant and the Llano Grande grant. O. Em Jones was not a party to this suit, but the judgment entered directed him to return to the cattle company, out of the current revenues of the county, such sums as had been paid to the county on the 3,040 acres, which the company did not in fact own. Pursuant to this judgment Jones, as tax collector of Hidalgo county, paid to the Browne Land & Cattle Company out of taxes collected by him for the State, $4,731.63, and out of taxes collected for Hidalgo county and its political subdivisions, $11,644.48.

Jones had executed as such tax collector of Hidalgo county, a bond in the sum of $100,000, payable to the Governor of the State, and his successors in office, with the American Indemnity Company as surety, and conditioned as required by article 7247, R.S.1925. He had also executed a bond in the sum of $100,000, payable to the county judge of Hidalgo county and his successors in office, with the American Indemnity Company as surety, conditioned as required by the provisions of article 7249, R.S.1925.

The trial court, in effect, found the judgment in cause No. B–3597 to be null and void and of no effect, which finding is not challenged by this appeal.

■ The first proposition presented by appellants is to the effect that the State of Texas could not maintain a suit on behalf of Hidalgo county and its political subdi-

visions on the bond given by Jones in accordance with the provisions of article 7249, and payable to the county judge of Hidalgo county, for the protection of the funds of said county and its political subdivisions. We sustain this contention. It is true that article 1991, R.S.1925, provides that "Whenever an official bond is made payable to the State of Texas, or any officer thereof, and a recovery thereon is authorized by, or would inure to the benefit of parties other than the State, suit may be brought on such bond in the name of the State alone for the benefit of all parties entitled to recover thereon." However, a bond given under the provisions of article 7249, payable to the county judge of a county, is not a bond payable to the State of Texas or any officer thereof. A county judge is a county officer, and this article is not to be construed as intending to include a county judge. Such a suit should be brought in the name of the county. Matagorda County Drainage District v. Gaines & Corbett (Tex.Civ.App.) 140 S.W. 370; American Surety Company of New York v. Hidalgo County (Tex.Civ.App.) 283 S.W. 267; Connor v. Zachry, 54 Tex. Civ.App. 188, 115 S.W. 867, 117 S.W. 177; Jernigan v. Finley, 90 Tex. 205, 38 S.W. 24; Fears v. Nacogdoches County, 71 Tex. 337, 9 S.W. 265.

This holding will necessitate a reversal of that part of this judgment which permits a recovery for the benefit of Hidalgo county and its political subdivisions. It will therefore only be necessary to hereafter discuss appellants' propositions in so far as they may affect the recovery by the State of Texas in its own right.

■ By their third proposition appellants contend that the comptroller of public accounts of the State of Texas, having approved the reports of Jones as tax collector of Hidalgo county, showing the sums paid out by him, that the State is estopped to now recover back such sums, or they would be barred from such recovery on the principle of res adjudicata. We cannot concur in this contention. The sums paid out by Jones to the cattle company were unlawful disbursements by him. He was not a party to the judgment in cause No. B–3597, and was under no obligation to obey the provisions of the judgment in that case, and he had no authority to take money collected during a current year and refund it to taxpayers who claimed to have paid taxes from year to year on land they did not own, starting in 1908, and ending in 1924, and the comptroller had no authority to approve such unlawful disbursements. It was said in the case of Town of Cameron v. Hicks, 65 W.Va. 484, 64 S.E. 832, 835, 17 Ann.Cas. 926: "By the great weight of authority, the custodian of public money is not a bailee, bound only to the exercise of a high degree of care, prudence, and diligence for its safety, and excusable for the loss thereof by fire, robbery, theft, or bank failure, when such loss is not in any sense due to negligence or misconduct on his part, but a debtor and insurer to the extent of the amount received, excusable for no losses except those resulting from acts of God or the public enemy."

■ Though Jones may have paid this money out in good faith and under the belief that it was his duty to do so, as a result of the judgment in cause No. B–3597, nevertheless, he was an insurer of these funds and his failure to properly account for them to the State of Texas renders him and the surety on his official bond liable to the State to that extent. Medford v. Red River County (Tex.Civ.App.) 84 S.W.(2d) 345, 346; Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S.W. 865; 5 Cooley on Taxation (4th Ed.) p. 2707, § 1379; Miller v. State (Tex.Civ.App.) 53 S.W.(2d) 792.

■ We are of the opinion that the trial court properly held that the county and the subdivisions thereof were not precluded by the action of the commissioners' court in approving Jones' reports showing his disbursements to the cattle company. Cameron County v. Fox (Tex.Com.App.) 2 S.W. (2d) 433, 435; Steusoff v. Liberty County (Tex.Civ.App.) 34 S.W.(2d) 643.

Accordingly, that part of the judgment not involved in this appeal will be affirmed, and also that part of the judgment permitting the State to recover the sum of $6,213.84 as against appellants, will be affirmed, but that part of the judgment which permits a recovery on behalf of Hidalgo county and its subdivisions, in the sum of $15,246.59, will be reversed and here remanded for a new trial not inconsistent with this opinion.

Affirmed in part, reversed and remanded in part.