

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

September 10, 1968

This Opinion
Overrules Opinion

♦ _M-370_

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas 75202

Opinion No. M-277

Re: Whether the Commissioners Court
of Dallas County has the op-
tion to expend county funds
in the repair, maintenance and
operation of court houses and
other public buildings through
its own employees or through an
independent contractor.

Dear Mr. Wade:

We have received a request from your office for an
official opinion in regard to the above stated matter. We quote
from your request as follows:

"The Commissioners' Court of Dallas County,
Texas, has asked this office to request from you
your official opinion as to the proper answer to
the following legal question:

"'Does the Commissioners' Court of Dallas
County have the option to expend county funds in
the repair, maintenance and operation of court
houses and other necessary public buildings,
either by accomplishing its statutory duty and
authority under Article 2351, V.A.C.S., through
its own employees or through independent con-
tractors?'"

"It is our tentative opinion that the Com-
missioners' Court of Dallas County has the power
and authority to accomplish any of the statutory
duties contemplated by Article 2351, V.A.C.S., at
its option and at its election, by contracting for
the performance thereof either, by and through
county employees or by and through independent
contractors."

The pertinent provision of Article 2351, Vernon's Civil
Statutes, provides:

"Each commissioners court shall:

" . . .

"7. Provide and keep in repair court houses jails and all necessary public buildings.

" . . ."

The above quoted provision of Article 2351 was considered in detail by the Texas Supreme Court in Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941). The court stated at page 1085:

"We will first discuss the question as to who has the right to employ and discharge the court house engineer, janitor, and elevator operators. The exact question here under consideration does not appear to have ever been judicially determined in this State. Our Constitution, Article V, Section 18, Vernon's Ann. St., provides in part as follows: 'The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the Laws of the State, or as may be hereafter prescribed.' While under the above constitutional provision the jurisdiction of the Commissioners' Court over county business is not general and all-inclusive, but is limited to such as is specifically conferred by the Constitution and statutes (Mills County v. Lampasas County. 90 Tex. 603, 40 S.W. 403), yet the Commissioners' Court is the acting governing body of the county. Ehlinger v. Clark, 117 Tex. 547, 549, 8 S.W.2d 666; Jernigan v. Finley, 90 Tex. 205, 38 S.W. 24; Anderson v. Parsley, Tex.Civ.App. 37 S.W.2d 358. It is the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute. 11 Tex.Jur. 630; American Disinfecting Co. v. Freestone County, Tex. Civ.App., 193 S.W. 440; Germo Mfg. Co. v. Coleman County, Tex.Civ.App., 184 S.W. 1063; Matthews Lumber Co. v. Van Zandt County, Tex.Civ.App., 77 S.W. 960; Fayette County v. Krause et al., 31 Tex. Civ.App. 569, 73 S.W. 51. Where a right is conferred or obligation imposed on said court, it has implied

> authority to exercise a broad discretion to
> accomplish the purposes intended. 11 Tex.Jur.
> 565; City Nat. Bank v. Presidio County, Tex.
> Civ.App., 26 S.W. 775; Gussett v. Nueces County,
> Tex.Com.App., 235 S.W. 857; Dodson v. Marshall,
> Tex.Civ.App., 118 S.W.2d 621.
>
> "3. On the other hand, a sheriff has no
> authority to make contracts that are binding on
> the county, except where he is specially so au-
> thorized to do by statute. 11 Tex.Jur. 636;
> Germo Mfg. Co. v. Coleman County, Tex.Civ. App.,
> 184 S.W. 1063; American Disinfecting Co. v.
> Freestone County, Tex.Civ.App., 193 S.W. 440;
> Sparks v. Kaufman County, Tex.Civ.App., 194 S.W.
> 605.
>
> "4. Revised Statutes, Article 2351, imposes
> on the Commissioners' Court the duty to 'Provide
> and keep in repair court houses, jails and all
> necessary public buildings.' The duty thus im-
> posed is not limited to the furnishing of a bare
> building and keeping it in repair. It contemplates
> an inhabitable court house; one that is usable for
> the purposes intended. This would include the fur-
> nishing of heat, elevator service where needed,
> as well as janitor service to keep it clean and
> usable. Since it is under the duty of providing
> these conveniences, the Commissioners' Court has
> at least the implied power and authority to con-
> tract therefor. Dodson v. Marshall, Tex.Civ.App.
> 118 S.W.2d 621. We think, therefore, that the
> Commissioners' Court has authority to select, con-
> tract with, and discharge the above-mentioned court
> house employees." (Emphasis added.)

While that case dealt primarily with the question of whether the commissioners court or the sheriff had the statutory duty and authority to hire and fire the courthouse employees, yet the court's opinion very clearly holds that there is the implied power arising from the power granted to the commissioners to contract for janitor services, etc., to maintain an inhabitable courthouse or public building. In accord, Attorney General Opinion Numbers O-2444 (1940) and O-6085 (1944).

In Attorney General Opinion Number WW-370 (1958), this office held that a commissioners court has no authority to delegate

the maintenance of a county courthouse to any individual or firm. This opinion failed to discuss or recognize the above cited case of the Supreme Court, and it is our opinion that it is contra to that case holding and should be overruled.

It is our opinion that there is implied authority from Section 7 of Article 2351, Vernon's Civil Statutes, to authorize a commissioners court to contract with an independent contractor to maintain the courthouse and other public buildings within their charge.

In addition to Article 2351, your county (Dallas) is also subject to Article 2351c, Vernon's Civil Statutes, and thus the effect of this statute must also be considered in this opinion, the pertinent provisions of which are quoted as follows:

"Section 1. In all Counties having a population of more than five hundred thousand (500,000), according to the last preceding or any future Federal Census, all employees necessary to the repair, maintenance, and operation of all court houses and Criminal Court Buildings shall be under the Direction and control of the Commissioners' Court. . . .All employees, including jail guards, matrons, elevator operators and other such employees engaged in the operation of the jails in such counties shall continue to be employed and discharged by the Sheriff in the manner now provided by law, and all employees necessary for the proper conduct of the jails or the safekeeping of the prisoners shall be subject to the exclusive direction and control of the Sheriff of such County.

"Sec. 2. The fact that the Court of Civil Appeals at San Antonio has recently held that all courthouse maintenance employees are subject to the exclusive direction and control of the Sheriff and may be employed and discharged only by the Sheriff and the further fact that in the larger Counties having separate Civil Courts and the Criminal Courts Buildings, such employees have been employed and discharged by the Commissioner's' Court as employee's of the County and that the holding of the Court of Civil Appeals creates confusion with respect to the repair and maintenance of public buildings in the larger Counties, and increases the cost of operation therein, creates an emergency . . ."

This statute has an interesting history. The Court of Civil Appeals case referred to in Section 2 is the case of Anderson v. Wood, supra, and this statute was enacted while the case was on appeal to the Texas Supreme Court. That court apparently did not mention or consider Article 2351c, and it is our opinion that the statute was not determinative or controlling of the issues disposed of by the court in its opinion. The purpose of this new statute was to provide the commissioners court with an optional way of carrying out its duty of maintaining the public buildings in its charge.

We agree with your analysis of Article 2351c, that this statute is permissive and not in conflict with Article 2351, being cumulative of the pre-existing law authorizing the commissioners and not the sheriff to employ persons to carry out the courts assigned functions of providing and repairing the courthouse and other public buildings.

### S U M M A R Y

The Commissioners Court of Dallas County, has the option to expend county funds in repair, maintenance and operation of courthouses, and other necessary public buildings, by using its own employees as prescribed by Article 2351c, V.C.S., or by using an independent contractor as impliedly authorized by Article 2351, V.C.S.

Opinion WW-370 is overruled.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Alfred Walker
Harold Kennedy
Ralph Rash
Neil Williams

A. J. CARUBBI, JR.
Executive Assistant