

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)1 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

July 11, 1986

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-517

Re: Whether a justice of the peace may be relieved of liability for cash shortages in his account

Dear Mr. Driscoll:

You ask the following questions:

> 1. Can the commissioners court and county auditor relieve a justice of the peace of liability for cash shortages in his account?
>
> 2. If so, what is the procedure to be followed, in relieving him of this liability, other than by cash payment?
>
> 3. Can the statute of limitations bar the county's claim against the justice of the peace? If so, what is the applicable period of time?

In answer to your first two questions, we conclude that a justice of the peace is strictly liable for the money that actually is collected by him. To the extent that cash shortages in the account of a justice of the peace constitute shortages of public money actually received by the justice of the peace, the commissioners court and county auditor may not relieve him of that liability. It also is our opinion that the statute of limitations does not bar a county's claim against the justice of the peace for such funds.

It is settled law of this state that the commissioners courts and public officers of the counties possess only the powers and duties that are expressly conferred on them by law or that are necessarily implied from the express powers. See Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948); Fort Worth Cavalry Club v. Sheppard, 83 S.W.2d 660, 663 (Tex. 1935).

Article XVI, section 61, of the Texas Constitution, requires all fees earned by district, county, and precinct officers to be paid into the county treasury where earned. The statutes provide that all fees, commissions, funds, and money belonging to the county shall be turned over to the county treasurer by the officer who collected it. In the

manner specified by article 1709a, V.T.C.S., the county treasurer shall receive all money belonging to the county from whatever source it may be derived. See V.T.C.S. arts. 1709, 1709a; Code Crim. Proc. arts. 53.08(e), 53.09.

Texas statutes also direct county and precinct officers to keep a record of and account for the money received by them. In a county having a county auditor, the county auditor has a duty to examine the records.

Article 3896, V.T.C.S., provides:

> Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers. . . .

Article 1651, V.T.C.S., states:

> The Auditor shall have a general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of, or belonging to, the county; and he shall see to the strict enforcement of the law governing county finances.

In addition, section 27.001 of the Government Code requires each justice of the peace to give a bond payable to the county judge and conditioned that the justice of the peace will discharge the duties required by law and "promptly pay to the entitled party all money that comes into the justice's hand during the term of office."

We find no provision in the statutes of this state that authorizes a county commissioners court and county auditor to relieve a justice of the peace of liability for any public money that comes into the justice's hands. Further, article III, section 55, of the Texas Constitution, denies to the legislature the power to authorize the release or extinguishment of any part of the indebtedness, liability, or obligation of anyone to a county, except certain

delinquent taxes. An agreement of the county to accept a lesser sum than actually is due it is unconstitutional and invalid. See Rowan Oil Co. v. Texas Employment Commission, 263 S.W.2d 140, 144 (Tex. 1953); Bland v. Orr, 39 S.W. 558, 559 (Tex. 1897); Ashburn Bros. v. Edwards Co., 58 S.W.2d 71, 72 (Tex. Comm'n App. 1933, judgment adopted).

Historically, Texas courts have strictly enforced the obligation of a public officer to account for and pay over to the proper custodian the public money that he receives. In Coe v. Foree, 50 S.W. 616 (Tex. Civ. App. 1899, writ ref'd), the court held that in Texas a public officer is not a bailee who is not responsible for funds lost without fault or negligence. It was no defense, to an action on a public officer's bond for failure to account for public money that came into his possession, that the money had been stolen by robbers. In Poole v. Burnet Co., 76 S.W. 425, 427 (Tex. 1903), the court stated that the "obligation to keep safely the public money is absolute, without any condition, express or implied" and "public policy requires that every depositary of the public money should be held to strict accountability" for the money that comes into his hands. The fact that the bank in which the officer made the deposit failed did not constitute a defense to his liability. In American Idemnity v. State, 104 S.W.2d 68, 70 (Tex. Civ. App. - San Antonio 1937, writ dism'd), the court approved language from another jurisdiction that the custodian of public money is a debtor and insurer to the extent of the amount received and excusable for no losses except those resulting from acts of God or the public enemy. See also Bexar Co. v. Linden, 220 S.W. 761 (Tex. 1920); Lanham v. Dies, 98 S.W. 897 (Tex. Civ. App. 1906, no writ); Attorney General Opinion O-6929 (1945).

We conclude that the commissioners court and the county auditor may not relieve a justice of the peace of liability for shortages of public money that actually is collected and received by the justice. It is our opinion, however, that the law is different as to funds that are not collected by a justice of the peace who has used due diligence to collect the money.

Article 1619, V.T.C.S., provides:

> Fines imposed and judgments rendered by justices of the peace shall be charged against the justice imposing or rendering the same. He may discharge said indebtedness by filing with the county clerk the treasurer's receipt for the amount thereof, or by showing to the satisfaction of the commissioners court that he has used due diligence to collect the same without avail, or that the same have been satisfied by imprisonment or labor. (Emphasis added).

The courts have discussed the obligation of officers to pay into the county treasury fees collected and fees uncollected by an officer. In State v. Glass, 167 S.W.2d 296, 299 (Tex. Civ. App. - Galveston 1942, writ ref'd), the court affirmed the trial court's conclusion that

> the sentence in Sec. 61, Art. 16, of the State Constitution, Vernon's Ann. St., reading: 'All fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund,' indicates an intention that all fees of every character collected by a county officer officially . . . shall become fees of office . . . and any fees collected by him officially must be paid into the county depository as directed by the constitutional provision. (Emphasis added).

In Harris Co. v. Schoenbacher, 594 S.W.2d 106, 109, 111 (Tex. Civ. App. - Houston [1st Dist.] 1979, writ ref'd n.r.e.), the court determined that the person in question was an employee and not a public officer, but citing the Glass case, disagreed with the theory that an officer cannot be liable for fees earned but not collected. The court stated that

> Article 3912e, V.A.C.S. is a corollary to article 16, section 61. It provides in pertinent part:
>
> . . . .
>
> Sec. 5. It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing

> shall be at least ten days subsequent to the date
> of notice.  Unless an officer is charged by law
> with the responsibility of collecting fees, the
> Commissioners' Court shall not in any event make
> any deductions from the authorized salary of such
> officer.  (Emphasis added in original by court).

The court further stated that section 5 provides that if the
commissioners court finds that the failure to collect a fee or
commission was due to negligence on the part of the officer charged
with the responsibility for collecting such funds, the commissioners
court can recover the uncollected fees from the officer's salary.  For
the officer to be liable for earned but uncollected fees, it must be
found, after a hearing, that the officer was guilty of negligence in
failing to collect the funds.

Eguia v. Tompkins, 756 F.2d 1130 (5th Cir. 1985), involved a
Texas justice of the peace with a duty to collect and record fees due
for his services and a duty to deposit them in the county treasury.
The county auditor withheld the justice's final paycheck due to
alleged deficiencies in his accounts.  Subsequently, the commissioners
court found that the justice of the peace negligently failed to
collect fees that he should have collected.  The federal court
determined that section 5 of article 3912e sets forth the notice and
hearing requirements of the state of Texas but, in addition, a justice
of the peace is entitled to the guarantee of due process of law under
the federal constitution.  For instance, the commissioner's hearing
must be timely.

This office discussed the liability of a justice of the peace for
uncollected fines in Attorney General Opinion O-6740 (1945).  As
pointed out, article 1619, V.T.C.S., provides that a justice of the
peace may discharge his indebtedness by showing to the satisfaction of
the commissioners court that he has used due diligence to collect
fines and judgments without avail.  This office stated in Attorney
General Opinion O-6740:

> The duty of a Justice of the Peace to issue a
> certified copy of a judgment of conviction, a
> capias, or an execution, as the case might be, is
> certainly one enjoined upon him by law before he
> could escape the onus of having failed to use due
> diligence in cases where he had failed to collect
> the fines etc.
>
>    . . . .
>
> If the Justice of the Peace refuses or
> negligently fails to issue any and all writs
> allowed by law to enforce collection of a judgment
> entered by him in a criminal case, and as a result

> thereof same was not collected, he and his
> bondsmen would be liable therefor.

See also Attorney General Opinion MW-37 (1979) (JP's liability can be discharged under article 16.9, V.T.C.S., if he exercises due diligence to collect fine).

It has been suggested that the Texas Constitution renders unconstitutional the statutes which hold a justice of the peace not liable for uncollected money where the commissioners court finds that the justice of the peace used due diligence in his efforts to collect that money. Article III, section 55, of the Texas Constitution prohibits a release or extinguishment of an existing indebtedness to a county, but it does not make a public official the guarantor of funds that are uncollectible after using due diligence. It is our opinion that a public official incurs no indebtedness to the county for such uncollected funds.

Your last question inquires whether the statute of limitations can bar the county's claim against a justice of the peace for public money collected by the justice. We conclude that the county's claim is not barred by limitations.

Early Texas cases found that certain claims by counties were barred by the two-year and four-year statutes of limitations. See Grimes v. Bosque County, 240 S.W.2d 511, 515 (Tex. Civ. App. - Waco 1951, writ ref'd n.r.e.) (county's suit against sheriff and his bondsmen governed by four-year statute of limitations instead of two-year statute); Bexar County v. Maverick, 159 S.W.2d 140 (Tex. Civ. App. - San Antonio 1942, writ ref'd) (county's suit on official bond of tax collector subject to the two-year statute of limitations); Tarrant County v. Prichard, 89 S.W.2d 1028 (Tex. Civ. App. - Fort Worth 1935, writ dism'd) (two-year and not four-year statute of limitations applicable to suit against justice of the peace and his surety for accounting to determine fees which justice of the peace allegedly failed to turn over to county).

Prior to 1953, article 5517, V.T.C.S., expressly exempted only the state from the provisions of Title 91, Revised Statutes, which title relates to limitations. In 1953, the legislature amended article 5517 to read as follows:

> The right of the State, all counties, incor-
> porated cities and all school districts shall not
> be barred by any of the provisions of this
> Title. . . .

Subsequently, the Texas Supreme Court in a per curiam opinion stated the following:

The court of civil appeals has held that Hemphill County's cause of action for damages for conversion of county property, asserted in a suit against the sheriff and a former sheriff of the county and their bondsman, can be barred by a statute of limitation and is barred by the two-year statute. 406 S.W.2d 267. The primary holding is in conflict with our opinions in Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99 (1961) and City of Port Arthur v. Tillman, Tex. Civ. App., 398 S.W.2d 750 (1965) in which we held that by virtue of the provisions of article 5517, V.T.C.S., rights of action held by the governmental entities there named, which includes counties, cannot be barred by any statute of limitation.

Hemphill County v. Adams, 408 S.W.2d 926 (Tex. 1966). By the 1953 amendment to article 5517, counties were placed on a parity with the state insofar as immunity from limitations is concerned. Lewis Cox & Son v. High Plains Underground Water Conservation District, 538 S.W.2d 659, 660 (Tex. Civ. App. - Amarillo 1976, writ ref'd n.r.e.).

The Civil Practice and Remedies Code, enacted in 1985, recodified former article 5517, Revised Statutes, without substantive change. Section 16.061 of that code now reads as follows:

§16.061. Rights not Barred

A right of action of this state, a county, an incorporated city or town, or a school district is not barred by any of the following sections [of the Civil Practice and Remedies Code]: 16.001-16.007, 16.021-16.033, 16.035-16.037, 16.051, 16.062-16.071, or 31.006.

### S U M M A R Y

The commissioners court and county auditor may not relieve a justice of the peace of liability for shortages of public money received by the justice. The statute of limitations does not bar a county's claim against a justice of the peace for such funds.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General