## KASPER CRAUSE v. HARRIS COUNTY.

Delivered March 3, 1898.

**1. County—Liability of.**

Counties are not liable for injuries resulting from the negligence of their officers or agents, unless made so by statute.

**2. Same—County Convicts.**

No liability is imposed on a county for the acts of its officers in imposing labor upon a convict that will endanger his life, by virtue of article 3741, Revised Statutes, providing that no convict shall be compelled to labor at any kind of work that will endanger his life or health.

ERROR from Harris. Tried below before Hon. JOHN G. TOD.

*G. W. Thorp*, for appellant.

*E. H. Vasmer*, for appellee.

GARRETT, CHIEF JUSTICE.—This action was begun by the appellant, Kasper Crause, against Harris County to recover damages for personal injuries received by him while working for the county as a convict under control of an officer of the county having charge of persons who had been convicted of misdemeanors and were at work in accordance with the law made concerning county convicts.

The petition showed that the officer in charge ordered Crause to work upon a bridge and to go upon the same for that purpose; that said officer knew that it was dangerous to go upon the bridge and would endanger the life of the prisoner, and that the bridge was likely to fall down; that in obedience to said order appellant went upon the bridge, and while engaged at work thereon the bridge fell and appellant was greatly injured. A demurrer to the petition was sustained by the court below, and judgment rendered in favor of the appellee.

Counties are not liable for injuries resulting from the negligence of their officers or agents, unless made so by the statute. Heigel v. Wichita County, 84 Texas, 392. Appellant refers to article 3741 of the Revised Statutes as imposing this liability. The article in question reads: "Art. 3741. Convicts shall be so guarded while at work as to prevent escapes, and no convict shall be compelled to labor at any kind of work or at any avocation that would endanger his life or health." It is clear that this article of the statute does not impose any liability on the county for the

acts of its officers in imposing labor or work upon the convict that would endanger his life.

The judgment of the court below must be affirmed.

*Affirmed.*