### JIM CRAWFORD v. W. M. WYATT.

#### Decided February 3, 1900.

**State School Land Purchase—Actual Settlement—Issue for Jury.**

Where the issue was whether defendant, who had purchased certain State school lands as an actual settler thereon, was such an actual settler, and there was proof that at the time he so purchased he had been camped with his family on the land for about a week, etc., it was error for the court to peremptorily charge for the plaintiff, as the evidence was sufficient to require the submission of the issue to the jury. See the opinion as to the evidence relating to such settlement.

APPEAL from Baylor. Tried below before Hon. S. I. NEWTON.

*Glasgow & Kenan,* for appellant.

HUNTER, ASSOCIATE JUSTICE.—This suit of trespass to try title was brought by Wyatt to recover from appellant two and a half sections of school land which the Commissioner of the General Land Office had awarded and sold to V. L. Shaw because of his settlement on the half section. The evidence of Shaw's actual settlement is stated as follows:

Shaw went upon the east half of section No. 18 on the 2d day of April, 1898, with his family, consisting of a wife and baby, with his wagon and buckboard, camp outfit, consisting of cooking vessels, bedding, provisions, and horse feed, and stayed at this camp so erected each day until the 7th day of April, 1898, at night staying at the house of E. Suddith, near the camp, on account of his sick baby. From the 2d to the 7th of April Mrs. Shaw was washing clothes, making soap, and cooking for the family at this camp. On the 8th day of April, 1898, Shaw made his application to the Commissioner to purchase the lands, and they were awarded to him by the Commissioner on the 11th of April, 1898. After receiving the awards Shaw made a crop on a farm near the land, and lived most of the time in the house on the land he was cultivating, making, and gathering the crop raised, until he sold to appellant, returning at intervals and staying on the land at their camp which they still maintained upon the east half of section 18, until sold to appellant, who immediately moved thereon, and has resided thereon continuously ever since.

There was evidence on the part of appellee sufficient to establish that he had purchased and resided upon section 48 for the last five years, and on the 7th of April, 1898, applied to the Commissioner to purchase the

two and one-half sections awarded to appellant's vendor, Shaw. Appellee's evidence was sufficient to entitle him to recover the land sued for, if Shaw was not an actual settler on the half section 18 at the time he made his application to purchase; but if he was, the appellant was entitled to recover.

The court instructed the jury peremptorily to find for appellee Wyatt, which they did, and judgment was rendered acordingly, and hence this appeal.

We think the court erred in the instruction given. The evidence as shown above was amply sufficient to require the issue as to whether Shaw was an actual settler on the half of section 18 at the time he made his application or not, and the court had no right to thus take the issue from the jury.

We find no other error in the record, but for the error in peremptorily charging the jury to find for appellee, the judgment is reversed and the cause remanded.

*Reversed and remanded.*