## CITY OF DALLAS v. HENRY J. MARTYN.

Decided April 30, 1902.

**1.—Cities—Ratification—Acknowledgment of Tax Deeds—Fees of Notary.**

Where a notary public took the acknowledgment of the city collector of taxes to quite a number of tax deeds executed to the city and presented his bill to the city council at the statutory rate, and the council offered to pay at the rate of 20 cents each, such acceptance of the notary's work without objection except as to the amount of price was a ratification of the collector's act in employing him, and he was entitled to recover for the work at the rate fixed by statute.

**2.—Same—Authority of Tax Collector.**

Where a city charter provided that the collector of taxes, where any real estate has been sold for taxes, should execute a deed to the purchaser of the property sold, the collector had authority to employ a notary to take the acknowledgment to such deeds to the city, and the city was liable for the notary fees.

Appeal from County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale.

*W. T. Henry* and *Jas. J. Collins,* for appellant.

*Cockrell & Gray,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued appellant to recover $743, alleged to be due him for acknowledgments taken to 1486 tax deeds which were made to the city by the city collector of taxes. The cause was tried by the court and resulted in a judgment for appellee for the amount claimed.

The city collector in compliance with the duties of his office sold the lands of delinquent taxpayers, and they were bid in by the mayor and deeds were made by the collector to the city, the acknowledgments

being taken, at the request of the collector, by appellee. The deeds were taken by appellee, after his certificates of acknowledgment had been attached, to the city secretary, who placed them among the other papers belonging to the municipality. Afterwards appellee presented his account for $743 to the city council and the matter was referred to the finance committee, which reported adversely to paying 50 cents for each acknowledgment, but recommended the payment of 20 cents for each acknowledgment. Appellee declined to accept that sum. The city council had not authorized the collector to contract for the payment of fees for acknowledgments.

"A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the scope of the corporate powers, but not otherwise. Ratification may be inferred from acquiescence after knowledge of all the material facts, or from acts inconsistent with any other supposition." Dill. Mun. Corp., sec. 463. In the case of City of San Antonio v. French, 80 Texas, 575, it was said: "It may be that when a municipal corporation has received the benefit of a contract which it had the power to make, but which was not legally entered into, it may be compelled to do justice and to pay the consideration, or at least to pay for what it received. In such cases it is said the law will imply a contract."

In this case the city could have contracted for the payment of the acknowledgment fees and undoubtedly received full benefit for the work done by the notary public. His charge is the amount recognized and provided by the laws of the State and a contract should be implied to pay for the work. It appears that $2.50 was charged to each delinquent to cover the costs of the tax deeds. It was for work, too, that might be properly classed as current expenses, and no provision for the payment of the debt prior to its creation would be necessary.

The action of the council in connection with the payment of the claim amounted to a ratification of the act of the collector in employing the notary public, as no objection was made to anything except the amount to be paid for each acknowledgment. The act of the collector in the employment of appellee was never repudiated until the institution of this suit.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

It is insisted that the facts in this case are not sufficient to establish a ratification of the acts of the city collector by appellant, but if that be conceded we still think that the judgment should be affirmed.

By section 148 of the charter of the city of Dallas, in force when the acknowledgments were taken, it is provided: "The collector shall, where any real estate has been sold for taxes, make and execute a deed to the purchaser of the property sold," etc. To make a deed such as

is contemplated by the section in question involved an acknowledgment to the deed, and necessarily carried with it the authority to bind the city to pay for it. Without an acknowledgment the deed could not be recorded, and would not fill the requirements that must necessarily accompany the execution of a deed in Texas. We conclude, therefore, that the collector had the authority under the charter to bind the city of Dallas for the fees for the acknowledgments.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.