GOSS v. FANNIN COUNTY.  (No. 2508.)

(Court of Civil Appeals of Texas. Texarkana. July 5, 1922. Rehearing Denied Oct. 5, 1922.)

1. Highways ⬡113(4)—County not liable on invalid contract because custom has been to honor them.

Compensation for road work costing more than $50, ordered done by a county commissioner in excess of his authority, as limited by Rev. St. 1911, art. 639, and in excess of the authority to act in extreme emergencies granted in section 1, and without the bids called for by section 4, Special Road Law (Acts 35th Leg. [1917] 1st Called Sess. c. 32), cannot be recovered from the county merely because it has been the custom of the county commissioners as a body to honor such contracts made as individuals in excess of their authority.

2. Highways ⬡113(4)—Counties not liable for reasonable value of services rendered, and finding relative thereto may be disregarded.

A finding of a jury that work and material were in fact rendered a county may be properly disregarded where the contract under which they were rendered was invalid; for, where a county is not liable on a contract, neither is it liable for the reasonable value of the services rendered, for such liability would work the defeat of positive requirements of law.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by J. R. Goss against Fannin County. From a judgment for the defendant, plaintiff appeals. Affirmed.

Cunningham, McMahon & Lipscomb, of Bonham, for appellant.

J. W. Gross, of Bonham, for appellee.

HODGES, J. In January, 1921, the appellant filed this suit against Fannin county upon the following claim:

Eighteen days' work grading road, with team,
grader, and four men, at $25.00 per day.... $450 00
Building seven culverts....................... 87 50

Making a total of................................ $537 50

It is alleged that this work was done under lawful authority and for the benefit of Fannin county.

In response to special issues submitted the jury found that the appellant performed the services and furnished the material sued for under an agreement entered into with T. B.

Richards, a county commissioner, in behalf of Fannin county, and that the labor and material so furnished were worth the amount sued for. The court, however, rendered a judgment in favor of the county, presumably upon the ground that Richards was not authorized to bind the county by an agreement of that kind.

Article 639 of the Revised Civil Statutes provides:

"The county commissioner, in whose commissioner's precinct such political subdivision or defined district, now or hereafter to be described and defined, is located, shall be ex officio road superintendent of said district, with power to contract for and in behalf of such road district; provided, such contract shall not exceed the sum of fifty dollars, which shall be approved by the commissioners' court, and all contracts exceeding the sum of fifty dollars shall be awarded by the entire court, which contracts shall be binding on said county, political subdivision or defined district."

In 1917 a special road law was enacted for Fannin county. See Acts of the First Called Session, Thirty-Fifth Legislature, c. 32. Section 1 of that act, in prescribing the duties of the members of the commissioners' court, directs them to inspect the condition of the roads, culverts, and bridges in their respective precincts and report what, if any, new roads shall be established, or bridges and culverts built, and other improvements necessary to place the roads in good condition, and the probable cost of such improvements. It then adds:

"Said report shall be publicly read, and the entire court shall act thereon; and in no instance shall any member of the commissioners' court be allowed and authorized to cause such improvements to be made without the advice and consent of the entire court, including the county judge, excepting in case of extreme necessity, but such action shall be brought before the court as soon as practicable."

Section 4 of the act provides that—

"The commissioners' court shall have the right and it shall be its duty from time to time, to purchase the necessary tools, teams, wagons, machinery, material," etc., "and to employ necessary men or teams, and to make on behalf of the county, all necessary contracts to carry this Act into effect; provided that all purchases or contracts, amounting to over two hundred dollars ($200) bids shall be advertised for, as now provided by law."

There was no evidence that any extreme necessity existed for making the improvements upon which the suit is based. It is undisputed that the commissioners' court never as a body authorized any such contract, or did anything toward employing the appellant to perform the services and furnish the material for the value of which he sues. There was testimony, however, tending to

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

show that it had been customary to permit a commissioner to make contracts for labor and material in his particular precinct, and for the county to pay the claims based thereon.

[1, 2] As a municipal corporation a county cannot be bound by an agreement made in violation of a statute enacted for the purpose of regulating the manner of making contracts. Nor can a custom which ignores the law in that respect be invoked for the purpose of validating a transaction which is otherwise invalid. The Legislature has the right to make such regulations, and parties who deal with counties must take notice of them. Unlike individuals and private corporations, counties cannot be bound by an implied promise to pay the value of services of this character. Germo Mfg. Co. v. Coleman County (Tex. Civ. App.) 184 S. W. 1063, and cases there cited. To hold otherwise would enable interested parties to successfully evade the positive requirements of the law. Therefore the finding of the jury upon the issue of value of the labor and material sued for furnished no basis requiring a judgment for appellant. The court had the right to treat that finding as an immaterial one, upon the ground that there was no binding agreement on the part of the county to pay for that value.

The judgment will be affirmed.