**DIAL v. CROSBY COUNTY et al.**

No. 4511.

Court of Civil Appeals of Texas. Amarillo.

July 3, 1936.

Rehearing Denied Sept. 7, 1936.

Kinney & Ritchey, of Miami, for appellant.

Robert M. McKee and W. P. Walker, both of Crosbyton, L. A. Wicks, of Ralls, and S. D. Stennis, of Pampa, for appellees.

HALL, Chief Justice.

Mrs. Gertrude A. Dial, claiming to be the owner of twelve Crosby County Jail Bonds in the sum of $1,000 each, filed this suit in the district court of Roberts county against Crosby county, road district No. 2 of Crosby county, J. W. Holibaugh, whom she alleged stole the bonds from her, Robert S. Harkins, individually and as county treasurer of Crosby county, and also joined the county judge and the commissioners of the four commissioners' precincts of said county, seeking to recover against them individually and as commissioners. She alleged that she bought the bonds in the open market in 1926; that Crosby county had paid to her all interest which had matured upon said bonds to March, 1932, and therefore had notice that appellant was the owner of said bonds; that on or about February 19, 1932, in Roberts county where this suit was instituted, the defendant, Holibaugh, stole said twelve bonds from appellant; that in January, 1933, the appellant filed this suit in the district court of Roberts county against the county and its treasurer, Harkins, alleging the fact that the bonds had been stolen, and prayed for an injunction against the county and Harkins, its treasurer, enjoining them from paying said bonds, or any interest thereon; that citation was served on both the county and its treasurer, Harkins.

She further alleged that immediately after the theft of the bonds, she notified Crosby county, its county judge and members of its commissioners' court, and the county treasurer, of the theft, and that she was the owner of said bonds and demanded that no payment be made to any one other than the plaintiff. She further alleged that the criminal acts of Holibaugh were committed in Roberts county; that they constituted a crime, trespass, or tort committed in said county; that the appellees, after the notice of said theft, and with the intent of acquiring said bonds and depriving this appellant of the value thereof, on or about the 25th day of May, 1933, and after said suit had been filed in Roberts county, bought or attempted to buy said bonds as an investment for said road dis-

trict No. 2 of Crosby county at 80 cents on the dollar, which was far below the market value of said bonds; that the entire transaction was perpetrated by appellees, who were officers of Crosby county and of road district No. 2, for the purpose of defrauding the plaintiff of her property; that all the appellees, at the time of the purported purchase of said bonds, had notice of the theft, and in attempting to buy the same and taking possession thereof they were guilty of receiving and concealing stolen property; that the acts ratified and adopted the original theft of said bonds, and made them parties thereto; that while the appellees purported to act for Crosby county and road district No. 2 in the purchase of said bonds, the same was beyond the scope of their authority and not in the discharge of any duties as officers of Crosby county or road district No. 2, and since said acts exceeded their duties and authority, such officers were individually liable to appellant for damages.

She prayed for return of the bonds, or for damages against the county, the road district, and the officers of the county, both personally and in their respective capacities, and that she have a joint and several judgment against them, as well as against J. W. Holibaugh.

She further alleged that after the acquisition of the bonds by appellees, all of said appellees, except Holibaugh, had paid to Crosby county and said district No. 2 interest due on said bonds, the amount of which appellant could not state, but that said payments, whatever they might be, constituted a conversion of funds belonging to appellant, and that said conversion was in furtherance of the original plan to defraud this appellant, and made said appellees liable, jointly and severally, to this appellant.

All of the defendants were cited, and answered, except Holibaugh, who could not be located.

Said defendants filed a joint plea of privilege, asking that the cause be transferred to the district court of Crosby county.

Appellant filed her controverting affidavit, in which she incorporated her amended petition in full. Appellant alleged that this suit is based upon a crime, trespass, or tort committed in Roberts county, where the suit is pending, and that the appellees herein all had notice of said

crime, trespass, or tort at and before they adopted the original theft of said bonds, and thereby became a party to said theft, and that the district court of Roberts county thereby had venue of this cause, and appellees, and that said cause came under the jurisdiction of subdivision 9, article 1995 of the Revised Statutes 1925. She further alleged in her controverting affidavit that the appellees had knowingly received and concealed stolen property, to wit, the twelve bonds, which constituted a crime, trespass, or tort, and since the bonds had been stolen in Roberts county, the venue for the prosecution of said crime was in said county, and thereby the cause of action for the recovery of said bonds or damages came under subdivision 9 of article 1995, R.S.1925, and the court had venue to try this cause.

She further alleged that the court had jurisdiction of Holibaugh because he committed the offense in Roberts county, and since the suit was for the possession of said bonds, the appellees were necessary party defendants, and came within the provisions of subdivision 29a of said article 1995 (as added by Acts 1927, 1st Called Sess., c. 72, § 2 [Vernon's Ann.Civ.St. art. 1995, subd. 29a]).

The appellees filed what is termed an amended and supplemental plea of privilege, in substance the same as their original plea. Thereafter appellant filed her amended and supplemental controverting affidavit.

Upon a hearing, without any testimony, the court, after considering the demurrer of appellees, sustained it, and the appellant having refused to amend her controverting affidavit, the court ordered the entire cause as to all defendants transferred to Crosby county, Tex. The court further held that appellant was not entitled to introduce any testimony on her controverting affidavit, as the cause was determined on a question of law raised by the demurrer urged against the controverting affidavit.

█ As against the demurrer, the allegations in the petition must be accepted as true. We therefore have a case where Holibaugh, in acquiring the bonds, was guilty of theft. After stealing them (according to the allegations of the petition) he sold them to the county, after the county officials had notice of the theft. The buyer of stolen bonds from the thief and with knowledge of the theft gets no

title whatever, and the real owner may recover them. Texas Banking & Ins. Co. v. Turnley·et al., 61 Tex. 365; 9 C.J. 63. Under the allegations, the plaintiff cannot maintain this action against Crosby county by joining it with Holibaugh in Roberts county. While, as a general rule, the plaintiff may sue all joint tort-feasors, the rule is further announced that there must have been a concert of action on the part of the defendants. As said by Judge Levy in Citizens National Bank of Abilene v. Overstreet (Tex.Civ.App.) 46 S.W.(2d) 409, 411: "There cannot, as respects venue, be proper joinder of several persons as defendants in an action for pure tort where the persons committing a tort were acting, not jointly upon concert of action or by simultaneous wrongful acts or with community of legal responsibility, but separately and for themselves alone without any concert of action or without legal liability with the others. 29 Cyc. p. 565; 38 Cyc. p. 484; 47 C.J. § 147, p. 71; T. & P. Ry. v. Mangum, 68 Tex. 342, 4 S.W. 617; Jackson v. Pipe Line Co. (Tex.Civ.App.) 33 S.W.(2d) 540; McCauley v. McElroy (Tev.Civ.App.) 199 S.W. 317."

The allegation in the petition is that Crosby county had paid interest on the bonds prior to the time they were stolen, and knew that plaintiff was the owner and holder thereof, and, with notice of plaintiff's ownership, purchased them from Holibaugh. There is no charge that any officer or representative of the county was connected in any way with Holibaugh' at the time of the theft, or even had notice of the ·commission of the crime until some days thereafter.

■ R.S. art. 1995, subd. 29a (as added by Acts 1927, 1st Called Sess., c. 72, § 2 [Vernon's Ann.Civ.St. art. 1995, subd. 29a]), provides that whenever there are two or more defendants in any suit brought in any county in this state, and such suit is lawfully maintainable therein under the provisions of said article as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto. In construing this statute, Judge Harvey defines the necessary parties in a "strict sense" as follows: "As embracing only those persons without whose presence before the court no adjudication of any of the sub-

ject matter involved in the litigation can be had." First Nat. Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.(2d) 756, 758.

Under this definition it is questionable whether the county is a necessary party to that portion of the cause of action in which the plaintiff seeks to recover from Holibaugh and from the commissioners. damages or the value of said bonds.

R.S. art. 1995, subd. 19, provides that suits against counties must be filed in the court of such county having jurisdiction thereof, and it is held that where there are several defendants residing in different counties, and a county is one of the defendants, nevertheless the action must be brought in the defendant county. Dallam County v. S. H. Supply Co. (Tex.Civ. App.) 176 S.W. 798; Cobb v. H. C. Burt. & Co. (Tex.Civ.App.) 241 S.W. 185; Montague County v. Meadows (Tex.Civ.· App.) 31 S.W. 694.

■ The Supreme Court has said that counties are so closely identified with the sovereign power of the state that they may be·sued only upon the terms and conditions prescribed by the statute. Hamilton County v. Garrett, 62 Tex. 602; Yantis v. Montague County, 50 Tex.Civ.App. 403, 110 S.W. 161.

■ Accepting the allegations in the petition as true, Crosby county and the members of its commissioners' court are liable for conversion of the bonds in controversy.

While it is said, "The general rule of law * * * is that in the absence of a statute a county is not liable for the tortious acts of its officers, agents, servants and employees," 15 C.J. 570; Boaz v. Ferrell (Tex.Civ.App.) 152 S.W. 200; Floria v. Galveston County (Tex.Civ.App.) 55 S.W. 540; Crause v. Harris County, 18. Tex.Civ.App. 375, 44 S.W. 616, nevertheless we think the petition shows a meritorious cause of action against Crosby county and its officers for wrongful conversion, Comanche County v. Burks (Tex.Civ. App.) 166 S.W. 470; but Crosby county has the right to contest plaintiff's attempt to recover against it in its own courts. The trial judge did not, therefore, err in changing the venue.

The judgment is affirmed.