## BRAISSAIRD v. WEBB COUNTY.

### No. 10536.

Court of Civil Appeals of Texas. San Antonio.

May 10, 1939.

Bismark Pope, of Laredo, for plaintiff in error.

Stirling T. Phelps, of Laredo, for defendant in error.

SMITH, Chief Justice.

This appeal is from a judgment of dismissal after the trial judge had sustained

Webb County's general demurrer to the petition of L. A. Braissaird and wife, Tiofila, and they had refused to amend.

We adopt from plaintiff in error's brief his statement of the allegations in their petition, as follows:

"The plaintiff in error, as plaintiff below, for himself and his wife, Tiofila Braissaird, instituted this action by original petition filed in the 49th Judicial District Court of Webb County, Texas, on March 4th, 1939, for the recovery of damages against the defendant, Webb County, a body corporate created and existing under the laws of the State of Texas, governed by a County Commissioner's Court, alleging that the defendant, defendant in error here, while acting not in a governmental capacity but rather in the exercise of its ministerial rights and proprietary rights and acting in a ministerial and proprietary capacity through certain foremen or employees and while acting ministerially in control of a certain site for a cattle dipping vat and in a proprietary right in connection therewith, caused to be erected on a site owned by it a dipping vat about six feet in depth and caused the same to be filled with a solution for the destruction of ticks on animals. Plaintiff further alleged that the manner of constructing and erecting fences and barriers around vats of such nature are not prescribed by law and the manner of construction and erection thereof are solely within the discretion of the Commissioner's Court and its agents acting in its proprietary and ministerial capacity. That said Commissioner's Court caused to be erected around said vat in the town of Oilton, a thickly populated town in Webb County, Texas, in which many children reside, a fence or a barrier with the lowest board thereof, approximately thirteen inches from the ground, leaving free means of access to said dipping vat for all children who wished to enter there. Plaintiff further alleged that said dipping vat constituted and was an attractive nuisance to children and by reason of its erection and its negligent manner of being fenced and the place of its erection in said town where children reside, the County of Webb, acting in its ministerial and proprietary capacity, became an invitor and licensor to children to enter thereon and play therein. Plaintiff further alleged that prior to the County of Webb opening said dipping vat and so fencing it, that said dipping vat had been opened at a pri-

or time by one J. M. Garcia, who owned the land on which it was situated, but that after the discovery of oil in the town of Oilton and the great increase of population in said town, such dipping vat became a dangerous hazard and a nuisance so far as the safety and lives of children was concerned and was caused to be filled in, but that the same was thereafter reopened by Webb County with full knowledge that it was located in said town which was populated by children on all sides, and with such knowledge the said County, acting in its ministerial and proprietary capacity, negligently caused the same to be fenced. That on or about February 1st, 1938, the infant daughter of the plaintiff, two years and four and a half months old, not of an age to comprehend the dangerous hazard of such dipping vat, owned, operated, and administered by the defendant, and by reason of the negligent manner of the building of the fence or barrier around said vat, and by reason of the attraction of said dipping vat, said minor child crawled under the bottom part of said purported fence and fell into and drowned in the solution contained in said vat. That the County of Webb by reason of its negligence in exercising its ministerial duties and administering its property rights and by reason of its negligent manner of fencing such dipping vat and barring it from children and by reason of the attractive nuisance thereof to children and by reason of said child being an invitor and licensor of said property, because of the affirmative acts of defendant in erecting the same where it was so erected, and because of the same being a dangerous hazard, which was or should have been known to defendant, the negligence and carelessness of the defendant, acting in a ministerial and proprietary capacity, was the approximate cause of the death of said child.

"Plaintiff alleged damages as suffered by him in the sum of $7500 actual damages in addition to exemplary damages; alleged having given notice of its claim to the Commissioner's Court and its refusal to audit and allow it."

Plaintiff in error pleaded, by necessary implication, and it is apparently conceded, that in taking over and maintaining the dipping vat in question the county was acting in pursuance of the provisions of Art. 1525c, §§ 5, 6, 7, Vernon's Ann.P.C. (Acts 1929, 41 Leg. 1st C.S., p. 128, Ch. 53), which is a general law. There is no provision in

the statute, or to be implied therefrom, that the county shall be liable in damages for the negligent acts of its officials, agents, or employees, committed in carrying out the provisions of the enactment.

■ The applicable rule is well stated in Tex.Jur., in which it is said: "It has long been the law in Texas that a county is not liable in damages for injuries sustained in consequence of the tortious or negligent acts of its agents or employees, unless liability therefor be created by statute, either in express terms or by necessary implication. Of course the county is not liable for the acts of its officers where such acts are not performed in connection with their official duties." 11 Tex.Jur. p. 627, § 92; Heigel v. Wichita County, 84 Tex. 392, 19 S.W. 562, 31 Am.St.Rep. 63; Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139; Jones County v. Moore, Tex. Civ.App., 4 S.W.2d 289, writ refused; Angelina County v. Bond, Tex.Civ.App., 16 S.W.2d 338; Crause v. Harris County, 18 Tex.Civ.App. 375, 44 S.W. 616; Bryan v. Liberty County, Tex.Civ.App., 299 S.W. 303; Braun v. Trustees, etc., Tex.Civ.App., 114 S.W.2d 947, writ refused.

■ Under the authorities cited there can be no liability against Webb County in this case by reason of the facts alleged in plaintiff in error's pleadings, albeit they do appeal most strongly to humane sympathies.

The judgment is affirmed.