## WEIR v. HARRISON COUNTY.
### No. 5897.

Court of Civil Appeals of Texas.
Texarkana.

March 20, 1942.

Rehearing Denied March 26, 1942.

Percy Woodard, of Marshall, for appellant.

Abney & Abney, of Marshall, for appellee.

WILLIAMS, Justice.

In this suit, C. A. Weir, plaintiff below, sought to recover of Harrison County, defendant below, the sum of $603, predicated upon his claim that he was contractually hired by defendant as a laborer on defendant's road and bridge gang, and that under such employment he had performed 201 days of labor between February 19, 1938, and March 31, 1939. In the alternative, plaintiff claimed that if in the event he was "not hired", he had performed above labor, the defendant had received the benefit thereof and defendant was liable on a quantum meruit basis in the amount sued for. In a trial to the court, plaintiff was denied a recovery.

The court found that plaintiff had rendered and been paid 23 days' services as a laborer on defendant's road and bridge gang between April 26 and May 24, 1938 and 10 days between June 4, and June 25, 1938; and for each of above periods plaintiff had been legally employed as a substitute for a regular employee of defendant. The court further found that "at the instance of Hiram Post, County Commissioner of Precinct 2 of Harrison County, plaintiff joined the gang on numerous occasions during the time alleged in the petition and had worked with the gang for an additional 170 days." The points presented are all directed to an attack upon the court's findings and conclusions that appellant's services of the 170 days were not rendered under an express contract made by any one authorized to act for the county; and that there was not an implied contract between the county and plaintiff for the rendition of the 170 days, and it would not be unjust or inequitable to deny plaintiff a recovery.

During the time involved, Harrison County was subject to and governed by Chapter 156 of the Special Laws of the Regular Session of the 42d Legislature, which is an Act creating a more efficient road system in said county and which contains, among other provisions, the following: "Said County Engineer shall have the

authority to select and appoint all employees in the Road and Bridge Department of said county subject to the ratification of the Commissioners' Court, and at such salary as may be determined·by the Commissioners' Court." Section 5. Under an order duly adopted by the Commissioners' Court, dated December 21, 1937, effective for the year 1938, the number of employees of the road and bridge department of defendant was fixed, the employees named, and the salary of each was fixed. The plaintiff was not one of those so named in this order. Plaintiff does not contend that he was named as an employee in this or in any other order entered by the Commissioners' Court.

The trial court found that before any of the services embraced in the 170 days' item was rendered, plaintiff and Commissioner Post each was informed by the other members of said court and the county engineer that Commissioner Post was not authorized to employ plaintiff and that plaintiff would not be paid for such services; and that such services were voluntarily rendered in disregard of the express orders of the county engineer and of all members of the Commissioners' Court, except Post. The court further found that the Commissioners' Court and the county engineer exercised all reasonable means short of physical violence and legal proceedings to prevent plaintiff from rendering such services, and repeatedly warned plaintiff that he would not be paid for such services; and that neither the Commissioners' Court nor the county engineer consented for plaintiff to render such labor involved in the 170 days' item, nor acquiesced in the rendition of same or willingly accepted any benefits therefrom. The foregoing findings are with support in the evidence.

The testimony discloses that notwithstanding the orders of the Commissioners' Court, Post insisted throughout the period of time here involved that he had the right and authority to employ plaintiff to work on the gang in Post's precinct. He testified: "I knew the Commissioners' Court hadn't authorized Weir (plaintiff) to be employed. I was not taking orders from Mr. Henderson (the county engineer). Mr. Henderson is taking orders from me. I told Mr. Henderson that I was the man and not the county engineer to employ the men, and I still say that. I instructed Weir

to keep working until I gave him orders not to work." Weir was ordered off the works and Post would order him back. Beginning in March, 1938, and every two weeks thereafter, Weir or his attorney would present his time to the Commissioners' Court for payment. Each time payment was refused.

■ The finding that appellant's services (the 170 days' item) were not rendered under an express contract by any one authorized to act for the county is supported by the uncontroverted evidence, unless it can be said that Commissioner Post had the power to make such a contract in defiance of the orders of the Commissioners' Court and the county engineer. The Harrison County special road law, supra, does not invest such power or authority in a county commissioner of said county. Section 5 of this Act, above quoted, specifically provides that the authority to select and appoint all employees in the road and bridge department is lodged in the county engineer, subject, however, to ratification by the Commissioners' Court. Appellant makes no attack upon this act of the Legislature. Article 5, Section 18, of our Constitution, Vernon's Ann.St., provides, and it has long been the law in Texas, that the Commissioners' Court is the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute. Anderson v. Wood, Tex.Sup., 152 S.W.2d 1084, and authorities there cited; Goss v. Fannin County, Tex.Civ.App., 244 S.W. 204; Germo Mfg. Co. v. Coleman County, Tex.Civ.App., 184 S.W. 1063. We are cited to no authority, statutory or otherwise, and we find none, that sustains the exercise of such extraordinary power by a county commissioner as is here asserted.

■ There is no implied contract to pay for services unless the circumstances are such as, according to the ordinary course of dealings and the common understanding of men, show a mutual intention to contract. The circumstances under which the services are rendered must be such as to raise the inference of a promise to pay. This inference could not be said to arise under a situation as here where plaintiff admits that "they did forbid me from going out on the job; told me I had not been hired; that Post had no authority to hire me; and if I went out and worked

**324**

that I would not be paid." This testimony with the findings of the trial court that defendant exercised all reasonable means short of physical violence and legal proceedings to prevent plaintiff from rendering such services, and that defendant did not acquiesce or willingly accept any benefits therefrom, would not warrant plaintiff a recovery on a quantum meruit basis resting on an alleged implied contract. Yoakum v. Gossett, Tex.Civ.App., 200 S.W. 582; Germo Mfg. Co. v. Coleman County, supra; Goss v. Fannin County, supra; 45 Tex.Jur. pp. 311, 313; 12 Am.Jur. p. 500.

The judgment of the trial court is affirmed.