

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Mar. 15, 1947

Hon. E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Opinion No. V-87

Re: Liability of Navarro County
for injuries sustained by a
person delivering flowers
to a hospital operated by
Navarro County.

Dear Sir:

Your letter of February 26, 1947, requests an opinion based upon the following facts and related question:

"Navarro County owns and operates a county hospital managed by a hospital board which is appointed by and under the supervision of the Commissioners Court.

"In December, a lady making a delivery of flowers from a local florist was walking through the halls and she was advised by the janitor to be careful as the floors were very slick. However, she slipped and fell, breaking her arm after having been warned that the floors were slick. She was advised by the hospital manager during the excitement to go ahead and have her arm set.

"She now claims damages which includes her doctor bill and medical care.

"Would Navarro County be liable for this expense or any other expense that may come from this accident?"

Your question is respectfully answered in the negative. The law is well settled that a county is not liable for the negligent acts of its agents or employees, unless liability therefor has been specifically or impliedly provided for by statute. The latest case applying this rule is: Braimaird v. Webb County (Court of Civil Appeals) 128 S. W. (2d) 475. There the Court announced the rule, together with authorities, as follows:

"The applicable rule is well stated in Tex. Jur., in which it is said: 'It has long been the law in Texas that a county is not liable in damages for injuries sustained in consequence of the tortious or negligent acts

of its agents or employees, unless liability therefor
be created by statute, either in express terms or by
necessary implication. Of course the county is not
liable for the acts of its officers where such acts
are not performed in connection with their official
duties.' 11 Tex. Jur. p. 627, § 92; Heigel v. Wichita
County, 84 Tex. 392, 19 S. W. 562, 31 Am. St. Rep.
63; Harris County v. Gerhart, 115 Tex. 449, 283 S.W.
139; Jones County v. Moore, Tex. Civ. App., 4 S. W.
2d 289, writ refused; Angelina County v. Bond, Tex.
Civ. App., 16 S. W. 2d 338; Crause v. Harris County,
18 Tex. Civ. App. 375, 44 S. W. 616; Bryan v. Liber-
ty County, Tex. Civ. App., 299 S. W. 303; Braun v.
Trustees, etc., Tex. Civ. App., 114 S. W. 2d 947, writ
refused."

## SUMMARY

Navarro County is not liable for personal injury
damages, including doctor bills, resulting from the
negligence or omission of the county's agents or em-
ployees operating a county-owned hospital.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY Charles E. Crenshaw
Charles E. Crenshaw
Assistant

CEC:rt:sl

APPROVED MAR 20 1947

Price Daniel
ATTORNEY GENERAL OF TEXAS