

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Overrules O-7185
Sustains V-763

June 17, 1953

Holding sustained by
Supreme Court in case
of Bennett vs. Brown
County Water Improve-
ment District No. 1
272 SW 2d 498

Hon. William Caven
County Attorney
Harrison County
Marshall, Texas

Opinion No. S-55

Re: Authority of the Commis-
sioners' Court to pur-
chase liability insurance
covering operation of
Harrison County Municipal
Airport.

Dear Sir:

You have requested an opinion on the following question:

"Can the Commissioners' Court of Harrison County, Texas, or
Harrison County Airport Commission purchase liability insurance
for the purpose of covering damages resulting from injuries
caused by the negligent operation of the Harrison County Munici-
pal Airport?"

In the case of <u>Miller v. El Paso County</u>, 136 Tex. 370, 150
S.W. 2d 1000, 1003, (1941) the Supreme Court of Texas held:

"A city may exercise a proprietary function, while a county,
as a mere subdivision of the State, <u>can exercise only
governmental functions</u>." (Emphasis added)

Counties are created by the State for governmental purposes,
their functions are political and administrative, and power
conferred on them are duties imposed rather than privileges
granted. Orndorff v. State, ex rel McNeal, 108 S.W. 2d 206
Tex. Civ. App. 1937, error ref.).

In the case of <u>Hodge v. Lower Colorado River Authority</u>, 163
S.W. 2d 855, 856 (Tex.Civ.App.1942, error dism. by agr.) it
is stated that "It is equally well settled, however, that a
county is a governmental agency and as such is immune from
liability for all torts, just as is the State itself, unless
such liability is created by statute." See <u>Braissard v. Webb
County</u>, 128 S.W. 2d 475 (Tex.Civ.App. 1939) to the same effect.

Article 46d-15, Vernon's Civil Statutes, provides in part as follows:

". . . the exercise of any other powers herein granted to municipalities and other public agencies, to be severally or jointly exercised, are hereby declared to be public and governmental functions, exercised for a public purpose, and matters of public necessity; and in the case of any county, are declared to be county functions and purpöses as well as public and governmental. . ."

Since the county "can exercise only governmental functions" and since the statute expressly provides that the county shall operate the county airport in a governmental capacity, it is our opinion that the county is not liable for the acts of its agents and employees in the operation of a county airport.

Section 52, Aritcle III of the Constitution of Texas denies the right of a county to lend its credit or grant public money in aid of or to any individual. We think this section of our Constitution prohibits the Commissioners' Court from purchasing liability insurance covering the operation of Harrison County Municipal Airport.

Attorney General Opinion O-7185 (1946) is hereby expresly overruled, and Attorney General Opinion V-763, (1949) is sustained as to the result reached.

## SUMMARY

A county can exercise only governmental functions and is not liable for acts of its agents and employees in operation of a county airport. Therefore, the Commissioners' Court of Harrison County has no authority to purchase liability insurance covering operation of Harrison County Municipal Airport.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JOHN BEN SHEPPERD
Attorney General.

s/ Sam C. Ratliff

By
    Sam C. Ratliff
              Assistant

SCR:am/cg