AMERICAN DISINFECTING CO. v. FREESTONE COUNTY. (No. 7749.)

(Court of Civil Appeals of Texas. Dallas. March 17, 1917.)

1. COUNTIES ⬩⬩114—COMMISSIONERS' COURT —POWERS—CONTRACTS.

The commissioners' court alone has authority to make contracts binding upon the county.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174, 175.]

**2. COUNTIES ⊜114—UNAUTHORIZED ACT OF AGENT—COMMISSIONERS' COURT—RATIFICATION.**

A county is not bound to pay for disinfectants purchased and used by sheriff in discharging his duties, where the commissioners' court, the only agency by which it can act, did not authorize or ratify the purchase or use.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174, 175.]

**3. COURTS ⊜169(1) — COUNTY COURT — JURISDICTION—AMOUNT.**

A suit for a balance of $60 due is below jurisdiction of the county court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 414.]

**4. APPEAL AND ERROR ⊜20—COURT OF CIVIL APPEALS—JURISDICTION OF LOWER COURT.**

The Court of Civil Appeals has no jurisdiction in an appeal from the county court, where the amount involved is $60; such amount being below jurisdiction of county court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 81–87.]

Appeal from Freestone County Court; W. E. Doyle, Special Judge.

Suit by the American Disinfecting Company against Freestone County. From a judgment for defendant, plaintiff appeals. Affirmed.

Anderson & Moses, of Fairfield, for appellant. Lex Smith and Williford & MacIntosh, all of Fairfield, for appellee.

RAINEY, C. J. This suit was brought by appellant against appellee to recover the sum of $260 for "Obugo," a disinfectant alleged to have been sold to said county. A general demurrer to the petition was sustained, and judgment rendered for the appellee, from which this appeal is taken.

The only question presented is: Was there error in sustaining the general demurrer to the petition? The petition, in substance, alleges that appellant was the manufacturer of Obugo a sanitary and disinfecting product; on December 19, 1911, sold and delivered to defendant 50 gallons of said product of the value of $100, and on October 7, 1912, 100 gallons of the value of $200; that said goods so sold and delivered to defendant were sold on the written orders of W. J. Lott, the sheriff of said county, whose duty it was to keep the courthouse and jail in a proper and healthful sanitary condition, and in the discharge of his duty in the manner stated he ordered and bought said goods from plaintiff, and the same were used by defendant county for the purposes for which the same were obtained; that on September 4, 1912, defendant paid on the first-mentioned bill, $40, leaving a balance of $260, for which a bill was presented to the commissioners' court on September 14, 1914, and rejected without giving any reason therefor; that at the time said goods were ordered smallpox and meningitis were prevalent in parts of Freestone county, and the county health officer, Dr. W. N. Sneed, Jr., had instructed and directed that all premises should be kept thoroughly clean and disinfected; that said goods were ordered by defendant and used by it for the purpose of disinfecting and keeping in a healthful and sanitary condition the courthouse and the offices of the officials therein, and the county jail and jail premises; that at the termination of the sheriff's term of office he was in possession of about 25 or 30 gallons of said Obugo, which was left in the possession of his successor as the property of defendant —and closing with a prayer for judgment.

[1-4] The petition in this respect fails to show any liability of Freestone county. It is not alleged that the commissioners' court, acting as such, passed any order authorizing the purchase of the said Obugo by the sheriff, or any one else. The sheriff of said county is not endowed by law, by virtue of his office, to bind the county in making such purchases. That authority is vested alone in the commissioners' court and in creating debts against the county said court must act as such in creating such an indebtedness. Mfg. Co. v. Coleman Co., 184 S. W. 1063. The allegation that the Obugo was used by the county is not sufficient to fix liability on it, because from the whole petition the inference arises that the sheriff himself used said Obugo in discharging his duties, and there is no act of the commissioners' court showing that it authorized such use. There is no allegation as to the ratification by the commissioners' court of the sheriff's conduct in its purchase or use further than that $40 was paid by said court on the first purchase made, and what actuated them in so doing is not stated, but it is shown that they refused to pay the balance. This, if at all, could only bind them on the first bill, which was only $100, and, having paid $40 would leave $60 due, which is below the jurisdiction of the county court, and of which this court has no jurisdiction.

The case of Harris Co. v. Campbell, 68 Tex. 22, 3 S. W. 244, 2 Am. St. Rep. 467, cited by appellant to support his contention, is one where the commissioners' court contracted with Campbell to erect a courthouse. The work was completed and the commissioners took possession. Blinds were placed in the courthouse, and remained there and were not rejected by any formal order of the commissioners' court until some time afterward. A controversy arose as to the blinds being completed according to contract. The testimony conflicted on the question of completion and the acceptance by the commissioners' court. Justice Gaines held:

"But it is assigned, in substance, that the court erred in charging the jury that if it found that Campbell had done the work for the county, and the county had accepted the work, or gone into possession and had used the blinds, then they should find for the plaintiff for the reasonable value of the blinds. The charge, abstractly considered, is certainly correct, and we think is warranted by the evidence. The blinds remained in the courthouse, and were used, and not rejected by any formal order of the commis-

sioners' court until June, 1885. We think the evidence amply warranted the charge."

The facts in the Campbell Case are different from those alleged here. There, a contract was made with the commissioners' court, and they had accepted the work and by their acts they had bound themselves, but in this case the allegations do not show such a condition.

The judgment is affirmed.