

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-4116

Re: Legality of the Harrison County
Commissioners' Court contracting
with the City of Marshall to fur-
nish fire-fighting facilities to
certain defined fire districts
only, outside the city limits but
within an eight-mile radius of the
city's center, to the exclusion of
the remainder of the county; and a
related question.

Your letter requesting the opinion of this department on the ques-
tions stated therein reads in part as follows:

"The City of Marshall has made a proposal to the Commissioners' Court of
Harrison County to enter into an agreement with the City of Marshall,
whereby the County would be required to first organize fire districts in
thickly populated outlying settlements within a radius of eight (8)
miles from the center of the City of Marshall, and in said agreement the
County would be required to pay a stipulated sum to the City of Marshall
ror each run made by the City Fire Department to the designated fire dis-
trict (thereby excluding all other sections of the County), and under
said contract or agreement the County in turn would be required to make a
contract with the individual property owners within the designated fire
district. That the property owners would be required to pay the county,
or rather reimburse the County, for each run made by the City Fire Depart-
ment for a stipulated sum charged the County by the City.

"Question No. One:  Would the Commissioners' Court of Harrison County be
authorized under the law to enter into a contract with the City of Marshall
to provide for fire fighting facilities for certain defined fire districts
outside the city limits, but within the county and within a radius of eight
(8) miles from the center of the City of Marshall, and at the same time
exclude all other sections of the county?

"Question No. Two: Would the Commissioners' Court of Harrison County be authorized under the law to enter into above contract with private property owners in certain designated areas outlying the city limits of Marshall, Texas, and lying within the county and within a radius of eight miles from the center of the City of Marshall, thereby excluding all other sections of the county, whereby for a certain stipulated sum to be paid to the county by certain property owners in the fire district, the county would, in turn, furnish to the property owners in said fire district, fire fighting facilities under the above described contract with the City of Marshall, and thereby excluding all other sections of the County?"

House Bill No. 262, Acts of the 47th Legislature, Regular Session, (Article 2351a-1, Vernon's Annotated Civil Statutes) provides in part:

". . . The Commissioners' Court of any county of this State shall also have the authority to enter into contracts with any city, town, or village within the county and/or adjoining counties, upon such terms and conditions as shall be agreed upon between the Commissioners' Court and the governing body of such city, town, or village, for the use of the fire trucks and other fire fighting equipment of the city, town, or village . . ."

Generally speaking, the authority of the commissioners' court as the governing body to make contracts in its behalf is strictly limited to that conferred either expressly or by fair or necessary implication by the Constitution and laws of the State. (Tarrant County vs. Rogers, 125 S.W. 592; Baldwin vs. Travis County, 88 S.W. 480). The authority to contract on behalf of the county is vested in the commissioners' court in absence of a statute authorizing some other agency to contract; and if an agreement is not made through or sanctioned by such agency, it binds neither the county nor the individual. (Sparks vs. Kaufman County, 194 S.W. 605; American Disinfecting Co. vs. Freestone County, 193 S.W. 440; Texas Jurisprodence, Vol. 11, p. 630). The commissioners' court must have authority of law for its contract, and, if the authority has been given, a reasonable construction of it will be given to effect its purpose. (Commissioners' Court vs. Wallace, 15 S.W. (2d) 525).

Article 2351a-1, supra, specifically authorizes the commissioners' court of any county of this State to enter into contracts with any city, town, or village within the county and/or adjoining counties upon such terms and conditions as shall be agreed upon between the commissioners' court and the governing body of the city, town, or village for the use of fire trucks and other fire fighting equipment of the city, town, or village. Therefore, in reply to your first question, it is our opinion that the commissioners' court of Harrison County is authorized under the law to enter into a contract with the city of Marshall to provide for fire fighting facilities for certain defined districts or areas outside of the city limits which are within the county and within the radius of eight miles from the center of the City of Marshall, and at the same time exclude all other sections of the county.

We think that the distance from the city or the areas to be included are immaterial and that the commissioners' court can legally contract with the city to provide for fire fighting facilities upon such terms and conditions as shall be agreed upon between the commissioners' court and the governing body of the city.

In answer to your second question, you are respectfully advised that it is our opinion that the commissioners' court of said county has no authority whatsoever to enter into the above mentioned contract or contracts with private property owners for the purposes heretofore mentioned. There is no authority of law for such contracts.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

APPROVED APRIL 8, 1942
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B W B
Chairman

AW:ff:egw