

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 23, 1951

Hon. William Schneider, Jr.
County Attorney
Gillespie County
Fredericksburg, Texas

Opinion No. V-1214

Re: Legality of payments
by Gillespie County
to the Fredericksburg
Volunteer Fire Depart-
ment rather than to
the City of Fredericks-
burg for rural area
fire protection.

Dear Sir:

We refer to your request which reads in part as follows:

"The fire department in the City of
Fredericksburg, Texas, is City-sponsored
and partly City-paid, although the majority
of firemen are volunteers. For a number of
years, Gillespie County has made payments to
The Fredericksburg Volunteer Fire Department
in consideration of its fighting fires in
the rural areas of the County. All equip-
ment is City-owned and if any loss or damage
to the clothing or personal gear of the fire-
men occurs, the City reimburses them. The
department is not incorporated. The money
received from the County in the past has been
used for the purpose of purchasing chassis'
for fire trucks and other fire-fighting equip-
ment.

". . . In construing Article 2351a-1, is
the money from Gillespie County properly pay-
able to the City of Fredericksburg or to the
Fredericksburg Volunteer Fire Department?"

Article 2351a-1, V.C.S., provides in part:

". . . The Commissioners Court in any
county of this State shall also have the au-
thority to enter into contracts with any city,

town, or village within the county and/or ad-
joining counties, upon such terms and condi-
tions as shall be agreed upon between the Com-
missioners Court and the governing body of
such city, town, or village, for the use of
the fire trucks and other fire fighting equip-
ment of the city, town, or village. . . ."

In Attorney General's Opinion 0-6160 (1944), it
was held:

"Generally speaking, the authority of the
commissioners' court as the governing body of
the county to make contracts in its behalf is
strictly limited to that conferred either ex-
pressly or by fair or necessary implication by
the constitution and statutes of this State.
(Tarrant County vs. Rogers, 125 S.W. 592; Bald-
win vs. Travis County, 88 S.W. 480). The au-
thority to contract on behalf of the county is
vested alone in the commissioners' court in the
absence of a statute authorizing some other
agency to contract; and if an agreement is not
made through or sanctioned by such agency, it
binds neither the county nor the individual.
(Sparks vs. Kaufman County, 194 S.W. 605;
American Disinfecting Company vs. Freestone
County, 193 S.W. 440; Texas Jurisprudence,
Vol. 11, page 630.) The commissioners' court
must have authority of law for its contracts,
and, if the authority has been given, a rea-
sonable construction of it will be given to
affect its purpose. (Commissioners' Court vs.
Wallace, 15 S.W.2d 525).

"Article 2351a-1, supra, specifically au-
thorizes the commissioners' court of any county
of this State to enter into contracts with any
city, town, or village within the county and/or
adjoining counties upon such terms and condi-
tions as shall be agreed upon between the com-
missioners' court and the governing body of the
city, town, or village for the use of fire
trucks and other fire fighting equipment of
the city, town or village. Therefore, you are
respectfully advised that it is the opinion of
this department that the Commissioners' Court
of Lamar County is authorized under the law to
enter into a contract with the City of Paris

to provide for firefighting facilities to protect property located outside of the city limits of Paris." See also Att'y Gen. Op. V-101 (1947).

However, the Legislature has not authorized counties to enter into such contracts with unincorporated volunteer fire departments. Therefore, we agree with you that the money for rural fire protection is properly payable by Gillespie County to the City of Fredericksburg rather than to the Fredericksburg Volunteer Fire Department.

## SUMMARY

The money to be paid for rural fire protection contracted for under the provisions of Article 2351a-1, V.C.S. is properly payable by Gillespie County to the City of Fredericksburg. Art. 2351a-1, V. C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Bruce Allen
Bruce Allen
Assistant