

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

ILL WILSON
ORNEY GENERAL

July 25, 1962

Honorable W. C. Lindsey
Criminal District Attorney
Beaumont, Texas

Opinion No. WW-1401

Re: Whether a county may pave and maintain streets located within a municipality and related questions.

Dear Mr. Lindsey:

In your recent letter, the opinion of this office was requested on the following questions:

1. With regard to main thoroughfares that are a part of and connect with the County road system--

   (a) May the County pave or maintain such a road without obtaining the consent of the municipality?

   (b) May the County pave or maintain such a road with the consent of the municipality?

   (c) May the County enter into an agreement or contract with the municipality for reimbursement of the total cost or any part thereof?

   (d) May the County submit a bid to the municipality in competition with private contractors?

   (e) Must the municipality solicit competitive bids if it wishes to pay the County for the cost of the construction?

   (f) May the Precinct Commissioner make an agreement with the municipality, or does it require action by the Commissioners Court to enter into such an agreement?

2. Would your answers to the series of questions enumerated also apply to main thoroughfares of a municipality that parallel or intersect the roads described in question 1 above?

3. Would your answers to the series of questions also apply to all streets and roads within a municipality?

4. May the County undertake the paving of parking areas and driveways of churches, labor unions and other non-profit organizations with or without an agreement for reimbursement of costs?

Article 6703, Vernon's Civil Statutes, provides that the commissioners court shall assume and have control of the streets and alleys in all cities and incorporated towns in Texas which have no de facto municipal government in the discharge of its official duties. Due to the nature of your questions we assume that your inquiry relates to municipalities having at least a de facto government.

Questions 1 (a), 1 (b), 2 and 3 relate to the authority of the County to pave and maintain certain streets located within the corporate limits of a municipality and, for this reason, will be considered together.

As a general proposition, the law is settled that the control and jurisdiction over streets of a municipality are exclusive in the municipality. However, the courts have held that the county has the right to expend funds for the improvement of streets within the corporate limits of a municipality when the streets form a part of the county road system or a connecting link with the county road system or State highways, provided the municipality consents. See Attorney General's Opinion V-971 (1949).

This authority is limited to the class of streets described. Unless the particular street involved forms a part of the county road system or a connecting link with the county road system or a State highway, the commissioners court is without authority to expend funds to maintain the same.

Question number 1 (b) is answered in the affirmative; questions numbers 1 (a), 2 and 3 are answered in the negative.

Question number 1 (c) assumes that the County may pave or maintain a street within the corporate limits of a municipality and asks whether the County can contract with the municipality to pay part or all of the costs involved. We are of the opinion that this question should be answered in the affirmative upon the authority of City of Breckenridge v. Stephens County, 120 Tex. 318, 40 S.W.2d 43 (1931) and Hughes v. County Commissioners' Court of Harris County, 35 S.W.2d 818 (Civ.App. 1931). Both of these cases sustained contracts

which provided for the county to pay part of the costs for maintaining an extension of a county road situated within the corporate limits of a municipality. This opinion is consistent with Attorney General's Opinions V-971 (1949), V-261 (1947) and O-4256 (1941).

There is no apparent reason why the commissioners court's authority to contract for part payment does not also include the authority to contract for payment of the entire cost, should that be the commissioners court's judgment.

Question number 1 (d) asks if the County can submit a bid to the municipality, in competition with private contractors, for the job of paving or maintaining such a street. We are of the opinion that this question should be answered in the negative.

As has often been held, the commissioners court is a court of limited jurisdiction and has only such powers as are conferred upon it by the express terms of or by necessary implication from the Constitution and statutes of Texas. Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 289 (Civ.App. 1915, error ref.); Hill v. Sterrett, 252 S.W.2d 766 (Civ.App. 1952, error ref., n.r.e.); Roper v. Hall, 280 S.W. 289 (Civ.App. 1925).

We know of no provision of law which authorizes a county to bid upon the public construction of a municipality. In our view, this proposal cannot be said to be within the performance of a governmental function necessary to county business. To the contrary, the proposal suggests engaging in the road construction business in a proprietary capacity, which is not authorized by law. See Bennett v. Brown County W.C.I.D. No. 1, 153 Tex. 599, 272 S.W.2d 498 (1954) and Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941) which hold that a county can perform only governmental functions. To the same effect see Attorney General's Opinions WW-192 (1957), S-55 (1953) and V-763 (1949).

Question 1 (e) asks whether the municipality must solicit bids if it wants the County to do the job. We know of no reason why the municipality cannot contract to pay the county, just as may the county contract to pay the municipality, for all or part of the cost of paving or maintaining a street within the class of streets that a county is authorized to maintain. However, this question must be decided by the governing body of the municipality concerned based upon the particular laws controlling that municipality.

Question 1 (f) asks whether the Precinct Commissioner can make an agreement with the municipality for the County to pave or maintain a street. We are of the opinion that this question should be answered in the negative because, in the absence of special circumstances not evident here, only the commissioners court has charge of the business affairs of the county, and it alone has authority to make contracts binding upon the county. Canales v. Laughlin, 147 Tex. 169, 214 S.W. 2d 451 (1948); American Disinfecting Co. v. Freestone County, 193 S.W. 440 (Civ.App. 1917); Germo Mfg. Co. v. Coleman County, 184 S.W. 1063 (Civ.App. 1916); Presidio County v. Clarke, 85 S.W. 475 (Civ.App. 1905, error dism., w.o.j.).

Question 4 asks whether the County can undertake the paving of parking areas and driveways of churches, labor unions and other non-profit organizations with or without reimbursement of costs. We are of the opinion that this question should be answered in the negative.

This office held in Attorney General's Opinions V-1348 (1951) and O-6670 (1945) that the commissioners court has no authority, whether with or without compensation, to use or permit to be used county owned equipment upon privately owned property. The only exception we find is Article 2372c, Vernon's Civil Statutes, which authorizes the use of county road equipment for soil conservation improvement of private property and for which the county shall receive compensation.

S U M M A R Y

With the consent of the municipality involved, Jefferson County is authorized to expend funds to pave or maintain streets which form a part of the County road system or a connecting link with a County road or a State highway and which are located within the corporate limits of the municipality. The County is authorized to contract with a municipality to pay all or part of the cost to pave or maintain such a street. However, only the Commissioners Court can make the contract binding upon the County. The County itself can do the paving or maintenance work, but it cannot submit a bid and perform such work for the municipality. The County has no authority, whether with or without compensation,

to use County owned equipment upon privately owned property, with the exception of certain soil conservation improvements defined in Article 2372c of Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: *F. R. Booth*

F. R. Booth
Assistant

FRB:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Mitchell Stevens
Pat Bailey
Jack Goodman
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore